STATE of Missouri, Plaintiff-Respondent,

v.

Thomas Edward KAYSER,
Defendant-Appellant.

No. 38046.

Missouri Court of Appeals,
St. Louis District,
Division Three.

April 12, 1977.

Motion for Rehearing or Transfer
Denied May 6, 1977.

Application to Transfer Denied
July 11, 1977.

Donald L. Wolff, Deborah H. Weinstein, Clayton, for defendant-appellant.

Ronald L. Boggs, Pros. Atty., G. Jeffrey Lockett, Kent W. Fanning, Asst. Pros. Attys., St. Charles, for plaintiff-respondent.

WEIER, Judge.

At issue in this criminal prosecution of a St. Charles County massage parlor operator is the question of whether one who maintains a commercial enterprise which masturbates its customers is engaged in criminal activity proscribed by § 563.630, RSMo. 1969.[1]

Defendant Thomas Edward Kayser was charged by information with the offense of setting up and maintaining a common bawdy house. A jury trial was waived and the parties agreed to enter into a stipulation of facts to be submitted to the trial judge. It was stipulated that the State would prove beyond a reasonable doubt that on August 18, 1975, defendant did set up, maintain, and keep a business known as the Verboten Health Spa in St. Charles County. Defendant did there employ three women for the purpose of administering massages to adult customers. The privately administered massages were openly offered for the payment of money and included the touching, massaging, and masturbation of the customers' genitals. The amount of money charged was determined by the method and duration of the massages and masturbation, which were administered on a consensual basis in a private room solely within the confines of the Verboten. The customer and the person ad-

1. "Every person who shall set up or keep a common gambling house, or bawdyhouse or brothel or house of assignation, shall, on conviction, be adjudged guilty of a misdemeanor and punished by a fine of not less than two hundred nor exceeding one thousand dollars; . . . ."

ministering the massage were the only persons present in the room; and although the customer could touch and massage the breasts and body of the woman administering the massage, the customer was prohibited from touching the genitals and genital area of the woman.

The parties further stipulated that defendant was aware of and permitted these activities, and in fact directed that such activities be offered and conducted when requested by the customers at the Verboten. Defendant also directed each employee to sign an employment contract which instructed the employee to refrain from engaging in "any act of sexual intercourse, penetration or act which would result in the placing of a mouth on the genitals or anus of any customer, or by any customer upon the person administering the massage or masturbation."

The cause was submitted to the court upon this stipulation. The trial judge found beyond a reasonable doubt that defendant was guilty, as charged, of the offense of operating a bawdy house. Punishment was assessed in the form of a five hundred dollar fine, and upon the overruling of a motion for new trial this appeal was duly perfected. For reasons hereinafter stated, we reverse the judgment.

Defendant initially contends that the stipulated facts do not demonstrate his operation of a bawdy house. The fact that sexual intercourse was not offered at the Verboten, defendant submits, removes his business from that class of establishments defined by the term "bawdy house."

The statute at issue has remained virtually unchanged since 1835.[2] It and other sections proscribing bawdy houses have been construed by the appellate courts of this state many times and always in the sense of a place where illicit sexual intercourse is conducted. *See State v. Malloch,* 269 Mo. 235, 190 S.W. 266, 267 [1] (1916). In *City of St. Louis v. Cook,* 405 S.W.2d 545, 549 [6] (Mo.App.1966), our court had before it a prosecution for keeping a bawdy house

under the ordinances of the City of St. Louis. In this case we stated: "Various definitions of a bawdy house have been set forth in the cases. In general it may be said that a bawdy house is a house resorted to and frequented by lewd people of both sexes for the purpose of prostitution; that is, for men and women to have unlawful, illicit sexual intercourse together therein; one that is kept for the resort and commerce of lewd people of both sexes." The opinion goes on to state that the proof necessary to establish the character of a bawdy house must in most cases be "inferential" and the evidence largely "circumstantial" but the proof in all cases goes to the establishment that illicit sexual intercourse occurs upon the premises. *City of St. Louis v. Cook, supra* at 550.

■ The very term "bawdy house" indicates that it is a house of habitation for "bawds." A bawd in Webster's Third New International Dictionary is defined as one who keeps a house of prostitution or a prostitute. In that same authority "bawdy house" is equated with "brothel" and "brothel" is defined as an establishment in which prostitutes are domiciled and apply their trade. "Prostitution" is generally considered to be the act of permitting a common and indiscriminate sexual intercourse for hire. *State v. Anderson,* 284 Mo. 657, 225 S.W. 896, 897 (1920).

■ Statutes defining crime must be construed liberally in favor of the defendant and strictly against the State. They will not be interpolated as embracing any but those acts or omissions clearly described in the statute both within the letter and spirit of the law. *State v. Chadeayne,* 323 S.W.2d 680, 685 [4] (Mo.banc 1959); *State v. Pickett,* 535 S.W.2d 542, 544 [2] (Mo.App. 1976); *State v. Alderman,* 500 S.W.2d 35, 36 [2] (Mo.App.1973). No person can be made subject to a criminal statute by guesswork or mere implication and a criminal statute is not to be held to include offenses or persons other than those which are clearly described and provided for both within the

**2.** RS 1835, § 18, p. 208.

spirit and letter of the statute. If there is fair doubt as to whether the act charged and proved is embraced within the prohibition, that doubt will be resolved in favor of the accused. *State v. McClary*, 399 S.W.2d 597, 598–99 [2–3] (Mo.App.1966). The reason for this rule of strict construction is found in the tenderness and solicitude of the law for individuals and on the plain principle that it is the duty of the legislature, and not the courts, to define a crime and ordain its punishment. *State v. Reid*, 125 Mo. 43, 28 S.W. 172, 173 (1894); *State v. McClary, supra*, 399 at 599 [6].

The foregoing principles of the law must be applied to test the sufficiency of the charge against defendant that his conduct violated § 563.630. The proscriptions of that statute are directed at the maintaining and keeping of a bawdy house. As has been pointed out, the time honored definitions of a bawdy house do not encompass the activities carried on in the Verboten Health Spa by the defendant. No matter how much we may deprecate and condemn those activities, we cannot classify them in the same category as those defined in the setting up and maintaining of a bawdy house. A commercial enterprise which openly offers to and does masturbate its customers is not a bawdy house and § 563.-630 did not give sufficient notice to defendant that his operation of the Verboten Health Spa in this manner would contravene that statute's prohibitions.[3]

For his second point, defendant contended that § 563.630 was constitutionally infirm due to its failure to define the offense of operating a bawdy house in reasonably certain terms. It is not necessary that we consider this point because the case has been ruled upon defendant's first contention. Furthermore, the second point was not raised in the trial court and thus has not been preserved for review.

The judgment is reversed.

KELLY, P. J., and GUNN, J., concur.

**3.** It is interesting to note that the proposed Criminal Code for the State of Missouri now being considered by the legislature specifically defines commercial masturbation as an act of prostitution and prohibits the operation of such an enterprise. The Proposed Criminal Code for the State of Missouri, Chap. 12 (1973).