STATE of Missouri, Plaintiff-Respondent,

v.

Gaylen JONES, Defendant-Appellant,

and

Norma Jones, Intervenor-Appellant.

No. 12619.

Missouri Court of Appeals, Southern District, Division One.

July 19, 1982.

Sam G. Hopkins, Pros. Atty., Stockton, for plaintiff-respondent.

John A. Watkins, Greenfield, for appellants.

PREWITT, Judge.

Appellants appeal from the trial court's order, under §§ 195.025 and 195.145, RSMo 1978, forfeiting to the state a motor vehicle.

Appellants contend, among other points, that the evidence was insufficient to support a forfeiture. Gaylen Jones was arrested on May 27, 1981, for a traffic violation while driving a 1974 Chevrolet Camero. The Camero was titled in his name. Marijuana seeds and small parts of the marijuana plant, totaling 2.1 grams, were found on him or in the vehicle. He was convicted and fined for possession of it.

Section 195.145.4 states that the trial court "shall render such judgment as to it seems meet and just". That language is in accord with the principle that forfeitures are not favorites of the law and should be enforced only when within both the letter and spirit of the law. *State ex rel. Reid v. Kemp*, 574 S.W.2d 695, 697 (Mo.App.1978). It indicates to us that a forfeiture should not be ordered in every situation which might come within the statute and that each incident has to be considered on its own facts to determine if it is "meet and just" to order a forfeiture. There was a small amount of marijuana involved and no indication that Gaylen Jones intended to sell it. He was appropriately punished for its possession. We think it would not be "meet and just" for his automobile to be forfeited under the circumstances here present.

The judgment is reversed and the cause remanded to the trial court for entry of a judgment denying forfeiture.

GREENE, C. J., FLANIGAN, P. J., and TITUS, J., concur.