STATE of Missouri ex rel. Billy G. WHIT-ENER, Sergeant of the Missouri State Highway Patrol, Respondent,

v.

Tracy Ann KIXMILLER and all parties interested in or having an interest in a certain 1974 Datsun automobile VIN # HL610007731, Appellant.

No. WD 33333.

Missouri Court of Appeals, Western District.

June 28, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Aug. 30, 1983.

Application for Transfer Sustained Oct. 18, 1983.

Case Retransferred Jan. 30, 1984.

Court of Appeals Opinion Readopted Feb. 3, 1984.

F. Randall Waltz, III, Barton & Waltz, Jefferson City, for appellant.

Robert L. Hawkins, III, Stephen G. Newman, Asst. Pros. Attys., Jefferson City, for respondent.

Before SOMERVILLE, C.J., SHANGLER, PRITCHARD, DIXON, TURNAGE and CLARK, JJ., and MOORE, Special Judge.

CLARK, Judge.

Tracy Ann Kixmiller appeals from a judgment declaring her 1974 Datsun automobile forfeited to the state. The forfeiture was sought on the ground that § 195.-145.1, RSMo 1978 sanctions the penalty where any vehicle, vessel or aircraft is used in connection with the transportation, sale or use of controlled substances proscribed by § 195.025, RSMo 1978. The issue in this case is whether the seizure was accomplished within the parameters of the statute.

The initial difficulty with the case is the absence in the record here, and apparently in the court below, of an adequate presentation of facts. While the parties raise no point in this regard, note must be made of the limitations attributable to the sparse record. Because the state as the petitioning party in the case had the initial burden of proof, the state must likewise suffer the consequences of allegations unproven.

█ The record, such as it is, indicates the state presented no evidence whatever. The judgment refers to "stipulated facts" but there is no stipulation. The record consists of the petition, answer and "Respondent's Statement of Facts" included with suggestions filed in opposition to the forfeiture. The petition contributes only the fact of Kixmiller's arrest on October 9, 1980, the remaining allegations being denied by the answer. The statement of facts taken from Kixmiller's pleading and apparently constituting the "stipulation" referred to in the judgment reads as follows:

"RESPONDENT'S STATEMENT OF FACTS

On or about June 13, 1980 Respondent was in possession of marijuana which was contained in a tupperware container inside the glove compartment of Respondent's 1974 Datsun automobile, VIN # HL610007731. In the evening hours of that date Respondent sold a quantity of marijuana to Officer Glenn Beazley of the Jefferson City, Missouri Police Department, who was acting in an undercover capacity. The transaction occurred inside Respondent's automobile. On or about October 9, 1980 the automobile was seized by Petitioner Billy G. Whitener, Sergeant of the Missouri State Highway Patrol. The motor vehicle is allegedly held by the Sheriff of Cole County according to the pleadings filed by the Cole County Prosecuting Attorney's Office. The motor vehicle was not being illegally used at the time of seizure."

Omitted from the above statement of facts and, hence from the record on appeal are the following details: (a) the date of the offense for which Kixmiller was arrested on October 9, (b) the identity of the officer and agency which accomplished the arrest and (c) the violation of § 195.025, RSMo 1978 which formed the ground for seizure of the Datsun on October 9.

From the judgment entry, it is apparent the trial court assumed the charge against Kixmiller and her arrest were based on the marijuana sale June 13 and that sale formed the statutory basis for seizure and forfeiture of the car. Those assumptions, however, have no evidentiary support and evaluated from this record, they amount to no more than speculation and conjecture. The plain situation is that the state failed to prove its case and it is doubtful that the judgment is supported by any substantial evidence. In part, this failure of proof must be considered in addressing the second point of appellant's brief.

Kixmiller contends the seizure of the automobile by Whitener, a Missouri Highway Patrol officer, was unlawful because not made incident to an arrest. As this opinion previously noted, the record in the case does not show where or by whom Kixmiller was arrested on October 9. Appellant's point assumes Whitener did not make

the arrest and the state's brief tacitly accepts the assumption.

The applicable portion of § 195.145.1, RSMo 1978 states, in excised form:

"Any vehicle * * * which has been used * * * in violation of * * * § 195.025, shall be forfeited to the state and any peace officer of the state, *upon making or attempting to make an arrest* for a violation of this law, shall seize any such vehicle * * *." (Emphasis supplied).

■ Forfeitures are not favored in the law and are to be enforced only when there is compliance with both the letter and spirit of the law. *State ex rel. Reid v. Kemp, 574 S.W.2d 695 (Mo.App.1978).* The letter of the law quoted above limits the seizure authority by investing the authority only in the peace officer who effects an arrest for a violation of Chapter 195. At a minimum, the record in this case does not establish that Whitener who seized the Datsun had any participation in the arrest of Kixmiller or that he had any knowledge of a violation of provisions in § 195.025, RSMo 1978 regarding controlled substances. To come within the seizure authority of § 195.145, RSMo 1978, the state was obliged to offer evidence that seizure of the Datsun was incident to the arrest of Kixmiller. This the state did not do and proof to sustain the petition for forfeiture was therefore inadequate.

Despite the deficiency of proof as to the circumstances of Kixmiller's arrest and the seizure of the car a more decisive infirmity mandates reversal of the judgment. Assuming, as did the parties and the trial court, that the violation for which the car was seized and upon which the judgment of forfeiture was based was the marijuana sale of June 13, the car was not being illegally used when seized on October 9.

■ Again referring to § 195.145, RSMo 1978, there appears in subsection 4 the following:

" * * * if the court finds that the property was not being illegally used at the time of seizure, the court shall relieve the property from forfeiture and restore it to the rightful owner * * *."

The portion of the statute quoted earlier and the provision cited above plainly express a limitation on seizures to situations in which the seizure is accomplished incident to a violation of § 195.025, RSMo 1978 and the arrest of the accused. In this case, the only reference to any violation by Kixmiller was the marijuana sale in June. Notwithstanding the self-imposed constraint of an undercover operative, the state lost its entitlement to seizure and forfeiture when no action was taken against Kixmiller until four months after the event. A contrary holding flies directly in the face of the command of the statute and the trial judge was in error in so ruling.

The judgment is reversed.

All concur.

**J.S.K., Appellant,**