The STATE of Missouri, ex rel. George W. HANNAFORD, Vandalia, Missouri Police Officer, Respondent,

v.

Marvin D. ALLEN and One 1982 Ford Van, Appellant.

No. 47851.

Missouri Court of Appeals, Eastern District, Northern Division.

Dec. 18, 1984.

Donald K. Gerard, Clayton, for appellant.

Thomas I. Osborne, Pros. Atty., Mexico, for respondent.

CRIST, Judge.

Appeal from an order of forfeiture of a motor vehicle owned by appellant Allen in an action brought under the Narcotic Drug Act, Chapter 195 RSMo 1978. After a hearing, the circuit court found the vehicle to be a common nuisance and ordered forfeiture. We reverse.

The forfeiture action, civil in nature, was instituted by Vandalia, Missouri Police Officer George H. Hannaford pursuant to § 195.145 RSMo 1978. The evidence adduced at the hearing tended to show appellant drove his 1982 Ford Van into a cemetery, ran over several tombstones, and abandoned it after the accident. The van was discovered, impounded by Officer Hannaford, and searched the next day. The

search revealed a plastic vial containing 14.8 grams of marijuana, mostly seeds with a small amount of leafy material. Officer Hannaford did not, and legally could not, effect an arrest for a violation of any provision of Chapter 195. He spoke with the prosecuting attorney, who did not institute criminal charges, but elected to file this civil action seeking forfeiture.

Without a criminal action or an arrest, a forfeiture action may not be brought. Section 195.145 provides in part:

1. Any vehicle, vessel or aircraft which has been used ... in violation of any provision of Section 195.025, shall be forfeited to the state and any peace officer of the state, *upon making or attempting to make an arrest for violation of this law, shall seize any such vehicle, vessel or aircraft....* (emphasis added)

Once the predicate violation of § 195.025 occurs, the officer arresting or attempting arrest for that violation is then empowered to seize the vehicle, and then may petition the count for forfeiture. Before the petition will be sustained and the forfeiture enforced, because of the basic judicial principle that the law abhors a forfeiture, both the letter and the spirit of the law authorizing the forfeiture must be complied with strictly. *State v. Jones*, 637 S.W.2d 337, 338 (Mo.App.1982).

In the instant case, the forfeiture was not within the letter of the law. Officer Hannaford did not "mak[e] or attempt[ ] to make an arrest for a violation of this law." § 195.145.1 RSMo 1978.

*State ex rel Whitener v. Kixmeller*, 664 S.W.2d 220, 222 (Mo.App.1983) in dispositive of the case at bar. It was ruled therein "[t]he letter of the law quoted above [§ 195.145.1 RSMo 1978] limits the seizure authority by investing the authority only in the peace officer who effects an arrest for a violation of Chapter 195."

Judgment reversed.

REINHARD, C.J., and CHANNING D. BLAEUER, Special Judge, concur.