**STATE of Missouri ex rel. Mark BRIDGES, Sheriff of Newton County, Missouri, Respondent,**

v.

**Larry HENDERSON, Appellant.**

**No. 14455.**

Missouri Court of Appeals,
Southern District.
Division One.

Jan. 21, 1987.

A. Wayne Davis, Little Rock, Ark., and Daniel L. Viets, Columbia, for appellant.

No appearance for respondent.

CROW, Chief Judge.

Larry Henderson ("Henderson") appeals from a judgment declaring his 1981 Buick automobile forfeited to the State. We reverse.

The petition, filed May 29, 1985, apparently undertook to invoke § 195.145, RSMo 1978, which provided,[1] in pertinent part:

"1. Any vehicle ... which has been used, or is being used in violation of any provision of section 195.025, shall be forfeited to the state and any peace officer of the state, upon making or attempting to make an arrest for a violation of this law, shall seize any such vehicle.... The officer seizing the vehicle ... shall commence an action in the circuit court of the county in which the property is seized by filing a petition ... in the name of the state of Missouri as plaintiff against the person from whom the vehicle ... was seized as defendant.... The petition shall describe the property seized and the circumstances of the seizure.... A summons shall be issued and process served on the defendant as in other civil suits. The defendant shall file his answer within thirty days after service of process upon him.... After defendant's time for filing answer has expired, the court shall fix a day for hearing and the action shall be heard by the court without a jury and shall be conducted, except as otherwise provided in this law, as other cases under the code of civil procedure of the state of Missouri.

. . . .

4. ... If it is determined that no person, other than the defendant, has any interest in the property ... and if it is found by the court that the material allegations of the petition are true, the vehicle ... shall be declared to be forfeited to the state of Missouri...."

Section 195.025, RSMo 1978, referred to in paragraph "1" of § 195.145, above, provides, in pertinent part:

"1. No person shall:

1. Section 195.145, RSMo 1978, was amended effective March 17, 1986, by Laws 1986, S.B. 450. As amended, it appears in RSMo 1986.

2. Paragraph 5 of § 195.145, RSMo 1978, stated, in pertinent part: "Officers who make seizures of vehicles ... as described herein, are autho-

(1) Transport, carry, and convey any controlled substance by means of any ... vehicle ... except as authorized in sections 195.010 to 195.320;

(2) Conceal or possess any controlled substance in ... any ... vehicle ...

. . . .

2. When used in this section the term:

. . . .

(2) 'Vehicle' ... shall include but not be limited to automobiles...."

The petition, signed by the prosecuting attorney of Newton County,[2] contained the following allegations:

"1. That on the 10th day of October, 1984, in Newton County, Missouri, Trooper Mark James of the Missouri State Highway Patrol, working undercover, arranged to purchase a quantity of controlled substances from Larry Henderson.

2. That said controlled substances included cocaine.

3. That the controlled substances were transported in a 1981 Buick ... automobile ... which was the property of the Defendant.

4. That the controlled substances were confiscated from the Defendant on October 10, 1984, for use as evidence against the Defendant.

5. That the Defendant's automobile was seized by the Newton County Sheriff's Department on October 10, 1984.

6. That Defendant's automobile ... should be sold, subject to Court approval."

The prayer of the petition asked the court, among other things, for a judgment directing the plaintiff to sell the automobile at private or public sale.

On June 24, 1985, Henderson filed a pleading styled, "Defendant's Objections to Petition for Forfeiture of Vehicle." Sum-

rized to call upon the prosecuting attorneys of the respective counties ... to represent them in the proceedings contemplated by this section, and thereafter it is the duty of such prosecuting ... attorney ... to proceed on behalf of the officer...."

marized, it averred that on February 23, 1985, a "negotiated plea"—inferably a plea of guilty—had been entered in a "companion case" against Henderson. The State, according to Henderson's pleading, had not complied with all of the terms and conditions of the negotiated plea. Consequently, said the pleading, Henderson "objects to further proceedings on the forfeiture of his vehicle until such time as the terms and conditions of the negotiated plea have been complied with in all particulars."

In addition to the above, Henderson's pleading admitted the allegations of paragraph 5 of the petition, but denied "all other material allegations" therein. The prayer of Henderson's pleading asked that the forfeiture proceeding "be held in abeyance pending final disposition in the companion case," or, in the alternative, "until such time as Defendant withdraws his objections herein."

The forfeiture case was heard by the trial court July 19, 1985. The plaintiff appeared by the prosecuting attorney of Newton County [3]; Henderson appeared in person and with counsel.

The only evidence presented in support of the petition was a handwritten document consisting of one page, bearing the signatures of Henderson, his counsel, and the prosecuting attorney. It was dated "2–23–85, 2:50 p m," and set forth, among other things, that upon a plea of guilty by Henderson, the prosecuting attorney would take certain steps, including dismissal of "charges" against one "Espinosa," and the recommendation of a "maximum punishment of 20 years" against Henderson. Pertinent to the instant case, the instrument provided, as best we can decipher it: "The 1981 Buick vehicle shall be forfeited to the State."

Asked by the trial court whether he wished to offer anything further, the prosecuting attorney replied, "I believe the agreement, which has been entered into evidence, will be sufficient in that matter, Judge."

Henderson presented no evidence. His counsel did, however, make the following argument:

"We respectfully ask that the Court not order the forfeiture of the vehicle. That the State has not met the statutory requirements for forfeiture in this particular case. And that the [signed document] is insufficient as a matter of law to—of which to make a finding that the vehicle was used in transportation of a controlled substance.

And we would ask that the State be held to their burden of proof of the statutory requirements. And we would respectfully submit that those requirements have not been met based on the record before the Court at this time."

With the record in that posture, the trial court stated it would grant the petition. A formal judgment to that effect was filed, according to the docket sheet, August 15, 1985. This appeal followed.

We shall consider the second of Henderson's two assignments of error first, as it is dispositive of this appeal. It states:

"The trial court erred in ordering forfeiture of [Henderson's] vehicle because the plea agreement, upon which the State solely relied, did not show that the vehicle was used to transport the drugs involved."

In assessing that contention, we begin by noting two cases in which judgments forfeiting automobiles per § 195.145, RSMo 1978, were reversed outright. Those cases are *State ex rel. Hannaford v. Allen*, 683 S.W.2d 297 (Mo.App.1984), and *State ex rel. Whitener v. Kixmiller*, 664 S.W.2d 220 (Mo.App.1984).

*Whitener* points out that the State, as the petitioning party, has the initial burden of proof, and must therefore suffer the consequences of allegations unproven. 664 S.W.2d at 221. There, as here, the owner of the vehicle filed a pleading denying the allegations of the petition. The opinion

---

3. The prosecuting attorney who appeared at the hearing was a successor of the prosecuting attorney who had negotiated the plea and signed the petition for forfeiture.

recounted that the record failed to show the date of the offense for which the vehicle's owner was arrested, the identity of the arresting officer, and the violation of § 195.025 which formed the ground for seizure of the vehicle. The opinion explained that under § 195.145.1 (quoted earlier herein in pertinent part), the authority to seize a vehicle is vested solely in the officer who arrests the culprit using the vehicle in violation of § 195.025. *Id.* at 222. In *Whitener*, the record did not establish that the officer who seized the vehicle had any participation in the arrest of its owner, or that he had any knowledge of a violation of § 195.025. The opinion added: "To come within the seizure authority of § 195.145, ... the state was obliged to offer evidence that seizure of the [automobile] was incident to the arrest of [the owner]. This the state did not do and proof to sustain the petition for forfeiture was therefore inadequate." *Id.*

In *Hannaford*, the vehicle was driven by its owner into a cemetery, where it ran over several tombstones and was then abandoned. It was discovered by a police officer, impounded, and searched the next day. The search revealed marihuana. The owner was not arrested for any violation of chapter 195, RSMo 1978. Instead, a forfeiture proceeding was commenced under § 195.145. The opinion, focusing on paragraph 1 of § 195.145 (quoted *supra*), emphasized that forfeiture lies only when an officer makes, or attempts to make, an arrest in circumstances where the vehicle has been, or is being, used in violation of § 195.025. Once that occurs, the officer is then empowered to seize the vehicle and petition for its forfeiture. As there was no arrest in *Hannaford*, forfeiture was unauthorized.

Both *Hannaford* and *Whitener* state, in substance, that inasmuch as forfeitures are not favored in the law and are to be enforced only when there is compliance with both the letter and spirit of the law, the requirements of § 195.145 must be strictly followed. *Hannaford*, 683 S.W.2d at 298[3]; *Whitener*, 664 S.W.2d at 222[2].

Examining the instant case in light of *Hannaford* and *Whitener*, we find nothing in the petition stating that Henderson was arrested for a violation of chapter 195, RSMo 1978. It necessarily follows that there is no allegation identifying an arresting officer. Furthermore, there is no averment that the officer who commenced the suit, Mark Bridges, Sheriff of Newton County, was the officer who seized Henderson's automobile. The best the petition did in that respect was to aver that the automobile was seized "by the Newton County Sheriff's Department."

It is thus manifest that the petition failed to plead a cause of action for forfeiture of Henderson's automobile under § 195.145. Even had the petition been sufficient, however, Henderson, in his responsive pleading, denied all allegations except the one alleging his automobile was seized by the Newton County Sheriff's Department on October 10, 1984.

The forfeiture case was thus heard on a petition that failed to plead a cause of action for forfeiture, and a responsive pleading denying all material allegations of the petition.

Nothing occurred at the hearing to rescue the case for the plaintiff. As reported earlier, the only evidence presented was the signed instrument. It did not show that Henderson was arrested for a violation of chapter 195, RSMo 1978, and, as it failed to show that, it likewise failed to name an arresting officer. Additionally, the instrument failed to establish that the officer who commenced the suit was the officer who seized Henderson's automobile. At most, the instrument constituted a promise by Henderson that he would allow his automobile to be forfeited. That promise, however, did not supply the proof required by § 195.145, nor did the petition plead such promise as a basis for the forfeiture.

In sum, the plaintiff neither pleaded nor proved the elements necessary for forfeiture under § 195.145. Henderson's second point is thus meritorious, and compels reversal of the judgment.

In so holding, we do not imply that every plaintiff in a forfeiture proceeding under § 195.145 is required to present testimony. We perceive no reason why the necessary facts could not be established by an answer in which the vehicle owner admits each and every allegation in the petition—assuming that the petition pleads sufficient facts to support forfeiture—or why the facts could not be established by stipulation of the parties. It might even be possible to establish the facts by a transcript of a proceeding at which the vehicle owner pleaded guilty to a violation of chapter 195, RSMo 1978, if there were sufficient admissions by the owner in such proceeding to support every requirement of § 195.145. None of those methods were utilized here.[4]

Having concluded that Henderson's second point compels reversal, we need not consider his first.

Judgment reversed.

GREENE, P.J., and PREWITT, J., concur.

TITUS, J., not participating.

---

**4.** Henderson supplied us transcripts of court proceedings that occurred on three different dates (February 23, 1985; June 28, 1985; July 19, 1985) in a criminal prosecution against him for selling cocaine. Nothing in those transcripts establishes the elements required for forfeiture by § 195.145, RSMo 1978.