STATE of Missouri ex rel. Don FUHR, Plaintiff–Respondent,

v.

Gayla S. CARRIER, Defendant–Appellant.

No. 15737.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 10, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 3, 1989.

Thomas E. Mountjoy, Pros. Atty., Richard E. Monroe, Asst. Pros. Atty., Springfield, for plaintiff-respondent.

Ben K. Upp, Montgomery, Twibell, Upp & Greene, Springfield, for defendant-appellant.

PREWITT, Presiding Judge.

Pursuant to § 195.145, RSMo 1986, the trial court ordered the forfeiture of appel-

lant's 1977 Chevrolet pickup truck. Appellant contends that the forfeiture was invalid because § 195.145 was not complied with in several particulars.

The facts were stipulated. On April 22, 1987, Don Fuhr, a Springfield police officer who instituted this action, conducted a search pursuant to a search warrant at a residence known as 1011 East Stanford in Springfield. Present upon his arrival were two male teenagers. During the search marihuana was found. Shortly after finding the marihuana, a 1977 Chevrolet pickup truck was "observed" by Fuhr pulling into the driveway at 1011 E. Stanford. Appellant and another person left the vehicle and entered the residence. They were arrested there by Corporal Larry Robinson of the Springfield Police Department for possession of the marihuana found at the residence. Robinson then searched the pickup and found 31 hand rolled cigarette butts containing 1.59 grams of marihuana. Fuhr then seized the vehicle on that day. The record does not show how long it was after the search of the vehicle that the seizure occurred.

Fuhr thereafter brought this action under § '195.145.1. That section provides that any vehicle, vessel or aircraft used in violation of § 195.025, RSMo 1986, shall be forfeited to the state and shall be seized by "any peace officer of the state, upon making or attempting to make an arrest for a violation of this law".

As we view one of appellant's points with merit and as being dispositive of the case, we do not address the remaining contentions. In that point appellant contends that the seizure of her vehicle was improper because the officer seizing the vehicle had not made or attempted to make an arrest as required by § 195.145.1. Respondent counters that the law should not be construed so narrowly and that the seizure by Fuhr was valid.

Certain principles are applicable here. Forfeitures are not favorites of the law and should be enforced only when within both the letter and spirit of the law. *State v. Jones*, 637 S.W.2d 337, 338 (Mo.App.1982); *State ex rel. Reid v. Kemp*, 574 S.W.2d 695, 697 (Mo.App.1978). In construing a statute, courts are to accord words their plain and ordinary meaning. *State v. Bachman*, 675 S.W.2d 41, 46 (Mo.App. 1984). However, courts may look beyond the plain meaning when what appears to be the plain meaning would lead to an illogical result defeating the purpose of the law. *State ex rel. Maryland Heights Fire Protection Dt. v. Campbell*, 736 S.W.2d 383, 387 (Mo. banc 1987).

Appellant was arrested by Robinson who then searched the vehicle, but the vehicle was seized by Fuhr. There is nothing in the record to indicate that Fuhr assisted in the arrest or that Robinson assisted in the seizure of the vehicle. Also, whether Fuhr and Robinson went there together, or whether Robinson aided in the search of the house, is not in the record. Whether those facts might have changed the result it is not necessary to decide. Nor is it necessary to decide whether evidence that marihuana was found in the vehicle could have been excluded because the search of the vehicle might have been improper. See *One 1958 Plymouth Sedan v. Commonwealth of Pennsylvania*, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965); *United States v. One 1978 Mercedes Benz*, 711 F.2d 1297 (5th Cir.1983); *United States v. One 1976 Cadillac Seville*, 477 F.Supp. 879 (E.D.Mich.1979).

The statute states that an officer making or attempting to make an arrest shall seize the vehicle. This law grants the right to seize a vehicle only to the peace officer who makes or attempts an arrest for violation of chapter 195. *State ex rel. Hannaford v. Allen*, 683 S.W.2d 297, 298 (Mo. App.1984); *State ex rel. Whitener v. Kixmiller*, 664 S.W.2d 220, 222 (Mo.App.1984). As in *Allen* and *Kixmiller*, the record here does not establish that the officer seizing the vehicle participated in the arrest of the vehicle's owner.

Respondent argues that an "interpretation that the peace officer who seizes the vehicle must be the same peace officer who makes the arrest for a violation of the Narcotic Drug Act overlooks the realistic element of law enforcement which has

peace officers operating as teams and separating tasks, both for efficiency and their own safety." This argument fails for two reasons, (1) the record does not show that Fuhr and Robinson were a "team" and (2) even if that might be a fair inference from other facts in the record, it is for the legislature to decide who can make the seizure and the statute clearly limits that right to the arresting officer.

Requiring that the officer who makes the arrest be the one who can seize the vehicle does not lead to an illogical result which defeats the purpose of the law. To have officers seizing the vehicle who did not make the arrest could broaden the statute beyond the intent of the legislature. To have seizures beyond the time of the arrest or attempted arrest or by officers other than the arresting officer could lead to the mistaken or otherwise improper confiscation of vehicles. Allowing it only at the time of arrest or attempted arrest by an officer with firsthand knowledge would reduce the possibility of that occurring. The officer who makes the arrest can effectively carry out the law by making the seizure.

The judgment is reversed and the cause remanded for entry of judgment in favor of appellant.

HOGAN, J., concurs.

MAUS, J., dissents and files dissenting opinion.

MAUS, Judge, dissenting.

I dissent. Section 195.145.1 in relevant part provides "any peace officer of the state, upon making or attempting to make an arrest for a violation of this law, shall seize any such vehicle...." However, I do not believe the section must be read literally to require that the identical peace officer who arrests a suspect must personally seize a vehicle used in violation of § 195.025.

Applicable principles to be observed in construing this statute have received the following expression. "To this purpose, the court considers a particular statute together with related statutes which may shed light on its meaning,.... The court must also consider the purpose or goal of the statute and any relevant conditions existing at the time it was enacted." *State v. White*, 622 S.W.2d 939, 944 (Mo. banc 1981), cert. denied, 456 U.S. 963, 102 S.Ct. 2040, 72 L.Ed.2d 487 (1982) (citation omitted).

Such an interpretation would give no meaning whatever to the words 'case' and 'proceeding' as used by the legislature. We may not take such a simplistic approach to the interpretation of a statute. While we must construe criminal statutes liberally in favor of the defendant and strictly against the State, the cardinal rule of construction is that 'the intention of the lawmaker will prevail over the literal sense of the terms.' ... 'The rule of strict construction is not violated by according the language used by the legislature its full meaning in support of the policy and aim of the enactment. The rule does not compel a narrow or forced construction, out of harmony with the manifest purpose and intent of the statute or one which would exclude cases from it that are obviously within its provisions.'

*State v. Shell*, 571 S.W.2d 798, 800 (Mo. App.1978). Also see *State ex rel. Peach v. Bloom*, 576 S.W.2d 744 (Mo. banc 1979).

It is a matter of common knowledge that arrests and searches and seizures for violations of Chapter 195 are seldom made by a single officer. This is confirmed by a cursory examination of the cases digested under Searches & Seizures 3.3. Almost without exception the cases approving a search and seizure refer to the arresting officers without distinction between the particular officer who arrests the suspect and the officer who makes the search and seizure. The following is an example. "The arrest being lawful, according to this record, *the arresting officers* had the right to seize the evidence (relating to the commission of the crime) introduced at the trial." *State v. Reask*, 409 S.W.2d 76, 83 (Mo.1966) (emphasis added). It is not unreasonable to believe the legislature was aware of this approval of search and seizure by an officer who participates in an apprehension but

does not actually make the arrest in question.

It is also reasonable to believe the legislature was aware of the relevant conditions most often existing at the time of an arrest during a "drug raid." The attention of an arresting officer must be directed toward his prisoner. By reason of practical necessity, a search and seizure must be accomplished by another officer. In *State v. McCurry,* 587 S.W.2d 337 (Mo.App.1979), peace officers were held to have properly entered a home because of "emergency conditions." Before entering the officers had designated one of their number as "evidence officer" whose duty was to seize any relevant evidence. The court approved the seizure by that officer, even though he was not coping with the emergency. In an excellent analytical opinion, the court stated and answered the issue in the following terms.

> The question then presented is whether the seizure of items in plain view must be made by the officers coping with the emergency itself or may it be made by an officer whose function it is to seize evidence. The cases which have dealt with 'plain view' searches and seizures have referred to the justification for the original intrusion by the police and have not dealt with the specific function of the seizing officer although seizures by officers not engaged in actually coping with the emergency have been upheld.... Nor is it reasonable to limit seizure to those officers coping with the emergency when the emergency is one imposing danger or a need for quick action on those officers.

*State v. McCurry,* supra, at 340–341 (citations omitted). That reasoning is applicable to the situation addressed by § 195.145. Cf. *United States v. Hare,* 589 F.2d 1291 (6th Cir.1979) in which the court approved a seizure by Drug Enforcement Administration agents who accompanied agents of the Bureau of Alcohol, Tobacco and Firearms who were executing a search warrant.

Moreover, § 1.030 is relevant. That section in part reads as follows: "When any ... person is ... referred to by words ... importing the singular number ..., several ... persons, ... are included." In view of this statute, the principles of construction referred to above, and reasonably anticipated conditions to which § 195.145 is applicable, I believe the term "peace officer" as used in that section includes the arresting officer and any other officer participating in the law enforcement process during which the arrest is made. *State ex rel. Whitener v. Kixmiller,* 664 S.W.2d 220 (Mo.App.1983) is not authority to the contrary. That case was based upon the proposition "the record in this case does not establish that Whitener who seized the Datsun had any participation in the arrest of Kixmiller or that he had any knowledge of a violation of provisions in § 195.025, RSMo 1978 regarding controlled substances." *Id.* at 222. As hereafter noted, a similar proposition is not applicable to Officer Fuhr. Nor is *State ex rel. Hannaford v. Allen,* 683 S.W.2d 297 (Mo.App. 1984), controlling. In that case there was no arrest.

The stipulation in question includes the following facts. Peace officer Don Fuhr executed the search warrant at 10:15 p.m. on April 22, 1987. "Shortly" after marijuana was discovered in the house, Don Fuhr saw the 1977 Chevrolet pickup pull into the driveway of the house he searched. The defendant and one Keith Jarmin got out of the pickup. They were then both arrested by Corporal Larry Robinson. "Don Fuhr seized the vehicle ... on the 22nd day of April, 1987, when the vehicle was discovered ... in use carrying ... a quantity of marihuana...."

"As a general rule, stipulations should receive a fair and liberal construction, consistent with the apparent intention of the parties, the spirit of justice, and the furtherance of fair trials upon the merits, rather than a narrow and technical one calculated to defeat the purposes of their making." 73 Am.Jur.2d Stipulations § 7 (1974). I believe it is reasonable to construe the stipulation to mean that peace officers Fuhr and Robinson were acting in concert in the search of the house and arrest of the defendant. I would hold that Fuhr was an arresting officer within the

meaning of § 195.145 and that the defendant's contention to the contrary has no merit.

The defendant also argues the trial court erred because the seizure was not "incident to appellant's arrest." That phrase is customarily used to describe a search, the time and scope of which are sufficiently connected with an arrest, to be a lawful warrantless search. *Rawlings v. Kentucky,* 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980). The phrase was used in *Whitener* in referring to the absence of any evidence the seizing officer in anyway participated in an arrest. *Whitener* held the seizure was invalid because it occurred four months after the car was used for the forbidden purpose and there was no evidence the seizing officer participated in any arrest.

Section 195.145 contains no requirement that the seizure of a vehicle be "incident to arrest." There is no limitation upon the location of the vehicle with respect to the arrested person. The subsection does provide the officer *"upon* making or attempting to make an arrest ... *shall* seize any such vehicle...." § 195.145.1 (emphasis added). However, after *Whitener,* § 195.145 was amended to add the following:

> (5) If it is determined that any vehicle, vessel or aircraft is subject to forfeiture for violation of any provision of section 195.025 and judgment for the forfeiture is otherwise meet and just in the discretion of the court, it shall not be a bar to forfeiture of such property that the property was seized at a time other than when the illegal use took place.

§ 195.145.4(5). This is an expression of a legislative intent the seizure need not be contemporaneous with the arrest. This is consistent with the view that a search can be "incident to arrest" even though it precedes the arrest, *Rawlings v. Kentucky,* supra, or is the day following the arrest. *United States v. Edwards,* 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974). The word "upon" should be construed as the "triggering mechanism" that mandates the seizure. The exact times of the defendant's arrest and the seizure of her vehicle are not shown by the record. It is established the arrest preceded the seizure and that both occurred within a period of one hour and forty-five minutes. The seizure was sufficiently connected with the arrest to be authorized by § 195.145.

The defendant's next contention is based upon the following portion of § 195.145.1: "1. Any vehicle, ... used in violation of any provision of section 195.025, shall be forfeited to the state and any peace officer of the state, upon making or attempting to make an arrest for a violation of this law,...." She contends *this law* refers to § 195.025 and the seizure was invalid because she was not arrested for a violation of that section.

The term "this law" is used elsewhere in § 195.145. Section 195.145.8 provides: "Nothing contained in this section shall be deemed to relieve anyone of the criminal liabilities imposed by this law." That use of the term establishes that "this law" as used in § 195.145 refers to the Narcotic Drug Act. The defendant was arrested for a violation of that act.

Finally, the defendant contends that the trial court erred because the pickup contained only 1.59 grams of marijuana. She relies upon *State v. Jones,* 637 S.W.2d 337 (Mo.App.1982). The facts of the case establish that *Jones* is not applicable. The officer found 24.67 grams of marijuana and 193 marijuana cigarette butts in the defendant's home. She stated she bought one-quarter pound of marijuana per month from an individual in Clever, Missouri. She added that a person in Springfield bought marijuana from her in quantities of one-quarter ounce. Her statements did not indicate that she used the pickup in the purchase and resale of marijuana. The stipulation does not establish that she did not in fact use the pickup for that purpose. It would not have been unreasonable for the trial court to have found that the pickup which contained "numerous cigarettes containing marijuana, two packs of rolling papers and a pair of hemostats" was used in connection with the purchase, sale and possession of marijuana by the defendant.

The defendant's contention the forfeiture was not "meet and just" because of the small quantity of marijuana found in the pickup has no merit. I would affirm the judgment.