**STATE of Missouri,
Plaintiff–Respondent,**

**v.**

**Miguel FARIAS, Defendant–Appellant.**

**No. 16245.**

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 25, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 16, 1990.

Application to Transfer Denied
April 17, 1990.

William L. Webster, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Susan L. Hogan, Columbia, for defendant-appellant.

PREWITT, Judge.

Following jury-waived trial defendant was found guilty of criminal charges of transportation of marihuana and possession of less than 35 grams of marihuana. He was sentenced to two years' imprisonment in the Department of Corrections and one year in the Greene County Jail with the

sentences to be concurrent.[1] Defendant appeals, presenting two points relied on.

Defendant states in his first point that the statute under which he was purportedly convicted, § 195.025, RSMo 1986, does not establish a crime, but prohibits the use of vehicles for transporting a controlled substance, and renders those vehicles subject to forfeiture under § 195.145, RSMo 1986.[2]

As defendant emphasizes, criminal statutes must be construed liberally in favor of the defendant and strictly against the state. *State v. Treadway*, 558 S.W.2d 646, 652 (Mo. banc 1977), cert. denied, 439 U.S. 838, 99 S.Ct. 124, 58 L.Ed.2d 135 (1978), overruled on other grounds; *Sours v. State*, 593 S.W.2d 208, 210 (Mo. banc 1980), cert. denied, 449 U.S. 1131, 101 S.Ct. 953, 67 L.Ed.2d 118 (1981).

■ A criminal statute does not include offenses other than those which are clearly described and provided within the spirit and letter of the statute. *State v. Kayser*, 552 S.W.2d 27, 29–30 (Mo.App.1977). "If there is fair doubt as to whether the act charged and proved is embraced within the prohibition, that doubt will be resolved in favor of the accused." *Id.* at 30.

Section 195.025 states in part:

**195.025. Certain use of vessels, vehicles and aircraft prohibited.**—1. No person shall:

(1) Transport, carry, and convey any controlled substance by means of any vessel, vehicle, or aircraft, except as authorized in sections 195.010 to 195.320;

(2) Conceal or possess any controlled substance in or upon any vessel, vehicle or aircraft; or

(3) Use any vessel, vehicle, or aircraft to facilitate the transportation, carriage, conveyance, concealment, receive possession, purchase, sell, barter, exchange or giving away of any controlled substance.

\*   \*   \*   \*   \*   \*

The remainder of § 195.025 broadly defines "Aircraft", "Vehicle", and "Vessel". Defendant argues that this section does not prescribe a crime but is relevant only to § 195.145 which provides for forfeiture of any "vehicle, vessel or aircraft which has been used, or is being used in violation of any provision of section 195.025". § 195.145.1, RSMo 1986.[3]

Defendant correctly states that § 195.025 does not say that transporting controlled substances is "unlawful" as do §§ 195.020 and 195.240, RSMo 1986, (both since repealed, see note 2) which make the possession, sale, distribution, or transfer of certain substances unlawful.

■ We do not believe because "unlawful" was not used in § 195.025 that it was not intended to establish a crime. It says that "[n]o person shall" transport controlled substances. Section 195.200.1, RSMo 1986, (since repealed, see note 2) provides criminal penalties for "[a]ny person violating any provision of this chapter relating to Schedule I or II".[4] Transporting a controlled substance is a violation of chapter 195.

However, counsel for defendant ingeniously further argues that § 195.025.1, although prohibiting the transportation of "any controlled substance", is in conflict with § 195.200.1 which only sets forth the penalty for violations "relating to Schedule

---

1. At the time of sentencing the court noted that the defendant was entitled to "fifteen months or more time credit for time served and in confinement pending trial."

2. The offenses defendant was charged with committing allegedly occurred on November 25, 1987. Since then chapter 195 has been extensively revised and several sections hereinafter referred to have been repealed. See ch. 195, RSMo Supp.1989.

3. Section 195.145(8), RSMo 1986, states that "[n]othing contained in this section shall be

deemed to relieve anyone of the criminal liabilities imposed by this law." The state argues that this shows an intention that forfeiture of a vehicle does not relieve one of the crime of transporting a controlled substance but we are not convinced. This section might be referring to possession or other crimes connected with controlled substances and not have intended to clarify that § 195.025 constitutes a crime.

4. Marihuana is a Schedule I controlled substance. Section 195.017.2(4)(j), RSMo 1986 (Section 195.017 has been amended, see note 2). .

I or II". Thus there is no penalty for one who transports Schedule III, IV and V substances. Defendant argues that the legislature could not have intended "such a lopsided result." Plaintiff "concedes that only transportation of Schedule I and II drugs is punishable under § 195.200". It contends that omitting criminal penalty for the remaining schedules was a legislative "oversight".

In 1957 transportation of drugs was prohibited by § 195.220.1. 1957 Mo.Laws 684. Except for referring to "any narcotic drug" instead of "any controlled substance" that section was essentially the same as present § 195.025.1. Enacted also in 1957 was § 195.200. 1957 Mo.Laws 683. It provided that "[a]ny person violating any provision of this chapter is guilty of a felony" and thereafter provided for the punishment. § 195.200.1, 1957 Mo.Laws 683.

In 1971 five schedules of controlled substance were established. § 195.017, 1971 Mo.Laws 241–247. With this § 195.200.1 was also changed to refer to violations "relating to schedules I or II". 1971 Mo. Laws 257. Also at that time §§ 195.240 and 195.250 were amended and provided penalties for certain offenses in connection with Schedules III, IV or V. 1971 Mo. Laws 259. As it did until repealed in 1989, § 195.270 provided the penalty for violations of §§ 195.240 or 195.250 (both also repealed, see note 2). 1971 Mo.Laws 260.

It appears to us that there may have been an "oversight" when scheduling was added, but whether it was or not, the clear language of § 195.025, RSMo 1986, prohibits the transportation of controlled substance and § 195.200.1, RSMo 1986, provides a criminal penalty for violating any provision of the chapter relating to a Schedule I or II controlled substance. By plain language a criminal penalty is provided for transporting a Schedule I or II controlled substance.[5] This point is denied.

■ Defendant's remaining point is that the trial court erred in convicting him on both counts charged because of double jeopardy. He states that evidence of his possession of less than 35 grams of marihuana was the proof on which he was convicted on both Count I for transporting marihuana and Count II for possessing it. He was charged in Count II of possessing more than 35 grams of marihuana.

Defendant was a passenger in an automobile driven by Aldo Villareal. In the trunk of the vehicle was a suitcase containing 27 "zip-lock" plastic bags of marihuana which weighed twenty-six and three-quarters pounds. This suitcase was apparently owned by Villareal. The suitcase was locked and Villareal was carrying a key for it. Also, a small amount of marihuana, less than 35 grams, was in the pocket of defendant's jacket. Defendant admitted that he knew about the marihuana in his jacket pocket and had placed it there before he left Austin, Texas.

Defendant argues that because he was acquitted of possessing the larger amount of marihuana, his conviction for transporting marihuana "necessarily relied on his possession of the smaller amount of marijuana" upon which the conviction of possession was also based. We do not agree.

The trial judge might have found that while not in possession of the marihuana in Villareal's suitcase, defendant was aiding in transporting it. Whether a person is in possession of a chattel can depend upon many circumstances and the trial, court might have found defendant was not in possession of the contents of the suitcase. See *State v. Jefferson*, 391 S.W.2d 885, 889 (Mo.1965); *State v. Virdure*, 371 S.W.2d 196, 198–199 (Mo.1963); *State v. Gonzales*, 533 S.W.2d 268, 272–273 (Mo.App.1976); *State v. Murdock*, 27 S.W.2d 730, 732 (Mo. App.1930); *State v. Nelson*, 21 S.W.2d 190 (Mo.App.1929).

---

**5.** Although cases under the forfeiture procedure of § 195.145 may indicate that § 195.025, RSMo 1986, establishes a crime, they do not clearly so state. See *Hampton v. Thurmand*, 619 S.W.2d 310 (Mo.1981); *State ex rel. Fuhr v. Carrier*, 765 S.W.2d 671 (Mo.App.1989); *State ex rel. Hanna-*

*ford v. Allen*, 683 S.W.2d 297, 298 (Mo.App. 1984); *State ex rel. Whitener v. Kixmiller*, 664 S.W.2d 220 (Mo.App.1984). The state relies on the inferences from such cases but we do not find that persuasive.

■ As the state correctly points out, a person can be guilty of transporting marihuana without possessing it. Cf. *State v. Brown*, 750 S.W.2d 715, 717 (Mo.App.1988). This point is denied.

The judgment is affirmed.

CROW, P.J., concurs.

GREENE, J., dissents and files dissenting opinion.

GREENE, Judge, dissenting.

I respectfully dissent from that portion of the majority opinion upholding the conviction of Miguel Farias for the alleged crime of transporting unauthorized controlled substances. I do not believe that transporting unauthorized controlled substances is now, nor has it ever been, classified as a criminal offense by the Missouri legislature. The majority opinion on the issue has no precedential support and, in my opinion, constitutes judicial legislation, a practice in which I do not believe that we should indulge.

Since the question is of general interest with statewide and even national implications, since Chapter 195 of the Missouri statutes is patterned after the contents of the Uniform Controlled Substances Act, which has been adopted by 47 other states, I would hope that the Supreme Court of Missouri would order transfer of this case, after opinion, pursuant to Rule 83.03, V.A. M.R., because of the general interest or importance of the question.

I concur in that part of the majority opinion affirming the conviction of Farias on the charge of unlawful possession of less than 35 grams.

I would reverse the judgment of the trial court on count one of the information charging Farias with unlawfully transporting marijuana, and affirm its judgment on the count two charge of possessing less than 35 grams of marijuana.

## ON MOTION FOR REHEARING OR TRANSFER TO THE SUPREME COURT

GREENE, Judge.

I would grant the motion to transfer to the Supreme Court, because of the general interest or importance of the issue involved, as is provided in Rule 83.02, V.A. M.R.

In my opinion, the majority opinion creates the criminal offense of transporting unauthorized controlled substances. The creation of criminal offenses is, and always has been, the prerogative of the legislature, and not the courts. The majority opinion holds that the language in § 195.025.1(1), RSMo 1986, that states no person shall transport, carry, or convey any controlled substance by means of any vessel, vehicle, or aircraft, with certain exceptions, is a criminal offense, punishable by imprisonment. If it was an offense in 1987, it still is, as the amendments made to Chapter 195 by the legislature in 1989 did not repeal § 195.025. I find no criminal penalty provision for the violation of § 195.025.1(1). It seems to me that if the legislature had intended transportation of unauthorized controlled substances to be a crime, they would have expressly declared it to be such in their 1989 amendments, as they did with other types of activity involving controlled substances that they wished to classify as criminal behavior.

The vehicle the majority opinion used to justify imposition of criminal penalties was § 195.200.1, RSMo 1986. That statute is no longer in existence. Even when it was, there was considerable doubt as to whether its language, when applied to § 195.025.1(1) created a criminal offense.

A defendant charged with a crime, here a felony, is to be given the benefit of every doubt in cases involving the question of whether certain activity is criminal behavior, and in case of doubt, the issue must be resolved in favor of the defendant. *State v. Kayser*, 552 S.W.2d 27, 29–30 (Mo.App. 1977). In my opinion, the majority opinion does not do that.

I would grant the motion to transfer.