R. E. NEVILLE ET AL, Relators
V.
JUDGE HARRIS BREWSTER ET AL, Respondents

No. A-8524.  Decided December 2, 1961
Rehearing Denied January 17, 1962
352 S.W. 2d 449

156

*Spurlock, Schattman & Jacobs,* Fort Worth, *(Kenneth M. Cole, Jr.,* Fort Worth, with above firm), for relator.

*Baily & Williams,* Dallas, for respondent Texas Bitulithic Company.

*Crumley & Green,* Fort Worth, for respondent Bridge Builders, Inc.

*Crowley, Wright, Miller & Garrett,* Fort Worth, for respondent City of Arlington.

CHIEF JUSTICE CALVERT delivered the opinion of the Court.

Relators, Neville and Drs. Key and Doss, seek a writ of mandamus directing the Honorable Harris Brewster, Judge of the 67th District Court of Tarrant County, Texas, to vacate an order requiring the two physicians to produce certain medical records in their possession and to deliver the same to the court reporter taking their depositions for the purpose of photostating the same and attaching the copies to the depositions.

Neville had filed a personal injury suit in the 67th District Court against Texas Bitulithic Company and the City of Arlington. The defendants in that case filed notice to take depositions of Doctors Key and Doss upon written interrogatories. The interrogatories propounded merely sought to identify the witnesses as having examined and treated Neville and then requested that the witnesses deliver to the court reporter "all written records that you have in connection with such treatment or examination, including bills, or reports, office notes or anything else in writing concerning this patient" for the purpose of photostating the same and attaching to the depositions. Subpoenas duces tecum had been issued and served, requiring each doctor to produce "all written records in connection with the treatment of R. E. Neville, including bills, reports, office notes, or anything else in writing concerning such patient". The doctors refused to deliver over these records on the ground that they were confidential.

Thereafter, the respondent, Bitulithic Company, moved that the court order the doctors "to produce the medical records" which they had in their possession "concerning the plaintiff, R. E. Neville", for copying and for use in the trial of the case. Notice of this motion was served upon Neville and his attorney, but not upon the medical witnesses. On a hearing the court ordered that the doctors produce the "medical records which they have in their possession concerning the plaintiff, R. E. Neville" for the purpose stated in the motion.

■ Relators advance several grounds for their conclusion that the court's order is unauthorized and void. They first say that the Rules of Civil Procedure cannot be construed so as to require a nonparty witness to produce his private records for copying or for any other purpose. In other words, they seem to take the position that the term "produce" would not even comprehend an examination of the records by the attorneys for the respondents-defendants. This interpretation would render "the order to produce" wholly useless and accomplish nothing. The production of the documents is required for the purpose of examination and

if the documents may be examined then under proper safeguards there is no apparent reason why they may not be copied.

Next, they say that this procedure would effectively deny the relator, Neville, the right of cross-examination. We think this contention is also without merit. Under Rule 189 there is afforded to Neville the right of filing interrogatories, though we agree with him that the direct interrogatories as submitted afforded nothing on which to base meaningful cross interrogatories. The taking of the depositions was obviously for the purpose of discovering matters that might lead to the disclosure of admissible evidence as provided by Rule 186a, Texas Rules of Civil Procedure. In this connection relators raise the objection that the medical records should not be produced, examined and copied because they may be in memorandum form and subject to interpretation or explanation. We think this objection is not valid because if any interpretation or explanation is needed this may be given in further pretrial procedure or upon the trial on the merits.

In their third point relators say that this procedure would work a greater hardship upon the witnesses than parties to a lawsuit are required to endure for the reason that they are not accorded the protection afforded by Rule 167. In this connection they cite our decision in Crane v. Tunks, 328 S.W. 2d 434, where we held that in a discovery proceeding the trial court had the duty to examine the documents in question so as to ascertain what parts are material and relevant to the main cause and to prevent the adversary from having access to information of a private nature that is not relevant or material to any issue in the case.

In the Crane case the adverse party had sought under Rule 737, Texas Rules of Civil Procedure, to compel the production for his examination of Mrs. Crane's income tax records for the years 1939 to date. It was shown that these returns contained information of a purely private nature. We held that to require the delivery of these documents over to Mrs. Crane's adversary would be an unreasonable invasion of her right of privacy, and that it was incumbent upon the court to exclude those matters which were irrelevant and yet afford to the adversary all information that might be relevant and material to his cause of action.

The relator, Neville, makes the point that the procedure followed here compels the inspection and copying of these med-

ical records before he or his attorney has had an opportunity to examine them and determine what, if anything, is not material or is privileged. We think this contention is rather superficial since Neville's attorney has also been engaged to represent the doctor witnesses, and surely neither Neville nor his attorney are taking the position here that the doctors would refuse them the privilege of an examination of these records if requested.

■ Relators further contend that written reports and communications made subsequent to the injury and passing between Neville and the doctors are privileged and are protected from disclosure under Rules 186a and 167. If any of relators' records are privileged it is only because of a privilege established by the proviso in Rules 167 and 186a. The records were not privileged at common law and have not been made so in this state by statute. See Texas Law of Evidence, McCormick and Ray, 2nd Ed., Sec. 491; Steagald v. State, 22 Ct. of App. of Texas 464, 3 S.W. 771; Consolidated Underwriters v. Foxworth, Texas Civ. App., 196 S.W. 2d 87, no writ history; Caddo Grocery & Ice Co. v. Carpenter, Texas Civ. App., 285 S.W. 2d 470, no writ history. But, in any event, relators are not in position to raise in this court the question of privilege under Rules 167 and 186a.

■ In attempting to raise the question of privilege here, as in their attempt to raise a question of harassment, relators misconceive the nature of this proceeding and the limitations which are imposed by it, and misconceive the extent of the respective areas in which this Court and trial courts operate. Before this Court may issue a writ of mandamus to compel the trial court to vacate its order it must appear that the trial court's order is void. The trial court's order in this case is valid on its face. It is a rather broad order, to be true, but breadth alone does not render it void. But relators say that it is void as representing an abuse of discretion if it requires that they produce for copying records which have not been shown by respondents to be relevant and material or which are privileged under the proviso of Rules 167 and 186a. The difficulty is that Rule 186b imposes the duty on relators first to present these matters to the trial judge by motion. Until that is done, this Court cannot know whether relators have any medical records concerning Neville which are irrelevant or immaterial in his present suit, nor can it know whether they have any records which are privileged under Rules 167 and 186a.

■ The trial court did not abuse its discretion by entering the broad order it did enter. When the interrogatories and the

160

subpoenas duces tecum were served on relators, Rule 186b required that they file a motion with the trial court if they needed protection against disclosure of matters which, under law or the Rules of Civil Procedure, should "not be inquired into" or would result in "undue annoyance, embarrassment, oppression, or expense". They did not do so. Instead, they simply refused to comply. Thereupon, the defendants filed their motion. Relators had an opportunity at that hearing to show and contend that there were privileged written statements or communications among their records. Apparently they made no such showing. There is nothing in the Rules of Civil Procedure which would prevent their making the showing, on motion, even at this late hour. In the absence of such a showing, relators have not established that the order entered by the trial court represents an abuse of discretion in any respect.

■ Rule 186b provides a specific procedure by which parties and witnesses may seek from the trial court the very type of relief which relators seek from this Court. Until they have exhausted that procedure and can show that the trial court has abused its discretion in denying them specific relief to which the record shows they are entitled, they can make no showing here of a clear legal right to have the trial court's order declared invalid.

The writ of mandamus is denied.

Opinion delivered December 2, 1961.