STATE of Missouri ex rel. John W. REID, II, Prosecuting Attorney, Madison County, Missouri, Respondent,

v.

Michael KEMP, Defendant,

Lindell Kemp and Annette Kemp, Intervenors-Appellants.

No. 38690.

Missouri Court of Appeals, St. Louis District, Division Three.

Sept. 26, 1978.

Motion to Transfer to Supreme Court Denied Oct. 23, 1978.

Application to Transfer Denied Nov. 6, 1978.

Daniel P. Reardon, Jr., St. Louis, for intervenors-appellants.

John W. Reid, II, Pros. Attorney of Madison County, Fredericktown, for respondent.

CLEMENS, Judge.

Appeal by intervenors Lindell and Annette Kemp from the trial court's judgment confiscating their automobile to the state because it had been used illegally by intervenors' son to transport a controlled substance. Intervenors do not dispute the state's evidence: Their son, defendant Michael Kemp, was arrested for driving while intoxicated; as he exited his parents' car he tried but failed to destroy a packet of marijuana.

The state brought this proceeding under § 195.145, VAMR, authorizing confiscation of such an automobile. The issue here arises from intervenors' pleaded contention they were ignorant of their son's illegal use of their automobile.

Intervenors rely on the portion of the statute declaring: "The court shall render such judgment as to it seems meet and just, and if it appears that any person who has made claim to the vehicle, vessel or aircraft is the owner thereof and was ignorant of the illegal use thereof and the illegal use was without his connivance or consent, express or implied, . . . the court shall relieve the property from forfeiture and restore it to the rightful owner, . . . ." They pleaded "That Intervenor Defendants further state that they were ignorant of any alleged illegal use of said 1972 Volkswagen automobile and that any alleged illegal use of said automobile was without their connivance or consent, expressed or implied."

At the close of the state's evidence intervenors asked for judgment on the ground there was "no evidence of any illegal activity on their part in the use of that automobile." The trial court took the case under advisement, frankly commenting, "I haven't read that statute." Later, the court entered judgment ordering the confiscation.

The transcript shows that at trial time defense counsel—and possibly the court—was unaware of another statute, § 195.180, VAMR, casting on intervenors the burden of proving an exemption, such as ignorance of their son's illegal use of their automobile.

They so pleaded, but offered no evidence thereof, believing incorrectly it was the state's obligation to refute their claimed ignorance.

■ It is axiomatic that forfeitures are not favorites of the law and should be enforced only when within both the letter and spirit of the law. *See United States v. Ford 2 Ton Truck*, 95 F.Supp. 214 (W.Dist.Mo., 1951), relying on *United States v. One Ford Coach*, 307 U.S. 219, 236, 59 S.Ct. 861, 83 L.Ed. 1249. Courts should approach forfeitures with caution in dealing with property of innocent persons, as intervenors pleaded they were.

Here, § 195.145, VAMR, authorizes a trial court to order forfeiture only when that seems "meet and just." That condition accords with the principle disfavoring forfeiture. This brings us to the issue of our authority to remand the cause for further evidence.

■ Where a record on appeal shows an aggrieved party has misconceived his rights, an appellate court has discretion to remand the case for further proceedings. *Wright v. Brown*, 177 S.W.2d 506[4] (Mo.1944); *Wile v. Donovan*, 538 S.W.2d 906[3] (Mo.App. 1976). Exercising our discretion to remand a case when a defendant has not fully developed a viable defense warrants remand for a new trial "to avoid closing the door to substantial justice." *Hetzler v. Millard*, 348 Mo. 198, 153 S.W.2d 355[2-4] (1941).

■ Here, the harsh remedy of forfeiture was applied against intervenors because they relied on their pleaded defense of ignorance, misconceiving their burden of going forward with evidence as cast upon them by § 195.180, VAMR.

The quoted statute requires the proceedings reach a just result. We believe justice requires us to remand the cause to the trial court to reopen the case to give intervenors leave to present evidence on their pleaded assertion of ignorance, and leave to the state to refute that evidence.

Reversed and remanded.

REINHARD, P. J., and GUNN, J., concur.