**Selestine Ira LOVELACE, Relator,**

v.

**Hon. Daniel M. DOWNEY, Judge, 295th District Court, Respondent.**

**No. B14–89–00899–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 1, 1990.

Kyle W. King and Frank M. Sheppard, Jr., Houston, for relator.

Ray Elvin Speece and Don J. Clemmer, Houston, for respondent.

Before MURPHY, ROBERTSON and SEARS, JJ.

## OPINION

MURPHY, Justice.

Relator asks that we issue a writ of mandamus directing the respondent, the Honorable Daniel M. Downey, to vacate his order of August 14, 1989, reinstating cause no. 89–07576, and to return to relator the sum of $435,000.00 plus interest earned since the seizure. On October 5, 1989, we granted leave to file petition for writ of mandamus. We now conditionally grant the writ.

On February 22, 1989, the State of Texas instituted seizure and intended forfeiture proceedings in the 165th Judicial District Court of Harris County under cause no. 89–07576, styled *The State of Texas v. $435,000.00.* Relator filed an answer on March 10, 1989, and on April 18, 1989, respondent issued a docket control order setting a trial date of May 7, 1990. Relator filed a motion to dismiss on April 24, 1989, claiming that dismissal was mandatory under TEX.REV.CIV.STAT.ANN. art. 4476–15, § 5.07(a) which requires a trial court to set a hearing within thirty days of the filing of an answer. On May 1, 1989, a visiting judge granted relator's motion and ordered the case dismissed. On May 26, 1989, the state filed a motion for rehearing. At the oral hearing held on June 12, 1989, respondent stated it was his policy to review the actions of visiting judges; however, respondent did not conclusively rule on the motion at that time. On August 14, 1989, respondent signed an order reinstating the case.

Relator seeks a writ of mandamus on three grounds: (1) the August 14, 1989 order reinstating the case was void because the motion for rehearing was unverified and the trial court had no jurisdiction; (2) the August 14, 1989 order was invalid as it violated art. 4476–15, § 5.07(a); and (3) the August 14, 1989 order was invalid as it violated art. 4476–15, § 5.082. Because we agree that the August 14, 1989 order violated § 5.07(a), we do not address relator's challenge to the order under § 5.082.

Relator first claims that the order reinstating the case was void under Rule 165a because the motion for rehearing was unverified and the trial court had no jurisdiction. We disagree with relator's contention that Rule 165a is applicable to the facts of this case. Rule 165a sets out the procedures for dismissals for want of prosecution. *See* TEX.R.CIV.P. 165a (Vernon Supp.1990). Because the dismissal in this case was not for want of prosecution, but was based on the time limit set out in TEX.REV.CIV.STAT.ANN. art. 4476–15, § 5.07(a), we find Rule 165a inapplicable here. Instead, we believe the state's motion for rehearing and the order reinstating the case are governed by Rule 329b concerning motions for new trial and motions to correct, modify, or reform a judgment.

Under Rule 329b, a motion for new trial is timely if filed within thirty days after the judgment was signed. TEX.R.CIV.P. 329b(a) (Vernon Supp.1990). In the instant case,

the order dismissing the case was signed on May 1, 1989, and the motion for rehearing was filed on May 26, 1989. Thus, the motion was filed within the thirty day time period and was timely filed.

■ This rule further provides that a motion for new trial is overruled by operation of law if a written order addressing the motion is not signed within seventy-five days after the judgment was signed. TEX. R.CIV.P. 329b(c) (Vernon Supp.1990). The order dismissing this case was signed on May 1, 1989. Since no order on the motion for rehearing was signed prior to or on July 15, 1989, the seventy-fifth day following the entry of the dismissal order, the motion was overruled by operation of law.

■ Rule 329b(e), however, gives the trial court plenary power to rule on a timely filed motion for thirty days after the motion has been overruled by operation of law. TEX.R.CIV.P. 329b(e) (Vernon Supp. 1990). In the instant case, the motion for rehearing was overruled after the lapse of seventy-five days, or after July 15, 1989. The court then had plenary power to act on this motion for another thirty days. According to our calculations, the thirtieth day, and the last day on which the court had plenary power, was August 14, 1989. Since respondent signed the order reinstating the case on August 14, 1989, while he had plenary power, we find that the trial court had jurisdiction at the time respondent acted on the state's motion for rehearing. Thus, we find no support for relator's procedural challenge to respondent's August 14, 1989 order.

■ Relator next contends the August 14, 1989 order was invalid because it violated TEX.REV.CIV.STAT.ANN. art. 4476–15, § 5.07(a). We note at the outset that art. 4476–15, § 5.07(a) was repealed effective September 1, 1989 and that the procedures governing forfeiture hearings are now set out in TEX.CRIM.PROC.CODE ANN. § 59.05 (Vernon Supp.1990). Because the instant proceeding was initiated prior to the repeal of § 5.07(a), we must address relator's contention in light of the statutory language in effect at that time.

■ Prior to repeal, § 5.07 set out the guidelines for a forfeiture hearing and subpart (a) provided the following time requirement for setting a hearing:

If an answer is filed, a time for hearing on forfeiture shall be set within 30 days of filing the answer and notice of the hearing shall be sent to all parties.

TEX.REV.CIV.STAT.ANN. art. 4476–15, § 5.07(a) (Vernon Supp.1989) (repealed effective September 1, 1989). In construing this statutory language, the courts of appeals disagree as to whether this thirty-day time period is mandatory or directory. In *State v. Boren*, 654 S.W.2d 547, 548 (Tex. App.—Waco 1983, no writ), the Waco court held that the thirty-day time period for setting a forfeiture hearing was merely directory and not mandatory. Conversely, the Fort Worth and Beaumont courts of appeals have held that a trial court must set a forfeiture hearing within the thirty-day period following the filing of an answer. *State v. $4097 in U.S. Currency*, 773 S.W.2d 674, 675 (Tex.App.—Fort Worth 1989, writ denied); *Clark v. State*, 693 S.W.2d 23, 24 (Tex.App.—Beaumont 1985, no writ). Because we disagree with the *Boren* construction of this statutory language, we follow the holdings in *State v. $4097* and *Clark* that the thirty-day period for setting a forfeiture hearing after the filing of an answer is a mandatory requirement. *See State v. $4097*, 773 S.W.2d at 675; *Clark*, 693 S.W.2d at 24.

In the instant case, relator filed an answer on March 10, 1989. The trial court did not issue the docket control order setting a trial date until April 18, 1989, thirty-eight days after the relator filed her answer. Because the trial court and the state failed to set a hearing within the prescribed thirty-day period, we find that the visiting trial judge correctly dismissed this proceeding. *See State v. $4097*, 773 S.W.2d at 675; *Clark*, 693 S.W.2d at 24. Consequently, we conclude that the order of reinstatement signed by the respondent was void as a matter of law because it violated the mandatory provision in section 5.07(a) requiring the setting of a hearing within thirty days after the filing of an answer.

We conditionally grant relator's petition for writ of mandamus. This writ of mandamus will issue only if respondent fails to vacate his August 14, 1989 order of reinstatement, and if he fails to reinstate the May 1, 1989 order dismissing this cause and ordering the return to relator of money seized.

ROBERTSON, Justice, dissenting.

I dissent from the majority opinion because I do not believe we have jurisdiction over this writ of mandamus for two reasons: (1) relator has an adequate remedy at law; and (2) respondent's reinstatement order is not void, and, therefore, is not subject to attack by mandamus.

A Texas court has no "inherent power." *Messner v. Giddings*, 65 Tex. 301, 309 (1886). Having been created by the Constitution of the State of Texas, the Texas Supreme Court and the Texas courts of appeal have only such jurisdiction as is conferred upon them by the constitution and statutes of the state. *Pope v. Ferguson*, 445 S.W.2d 950, 952 (Tex.1969), *cert. denied*, 397 U.S. 997, 90 S.Ct. 1138, 25 L.Ed.2d 405 (1970). While Texas statutes give jurisdiction to both the supreme court and the courts of appeal to issue writs of mandamus in particular circumstances, Tex.Gov't Code Ann. §§ 22.002, 22.221 (Vernon 1988), the only basis for jurisdiction which is material to the issue before us is that in which the writ is "agreeable to the principles of law regulating those writs...." Tex.Gov't Code Ann. § 22.221(b) (Vernon 1988).

In 1871, the United States Supreme Court, in *Ex parte Newman*, 81 U.S. (14 Wall.) 152, 20 L.Ed 877 (1871), determined what the "principles and usages of law" are in mandamus actions. The court said:

Applications for a mandamus to a subordinate court are warranted by the principles and usages of law in cases where the subordinate court, having jurisdiction of a case, refuses to hear and decide the controversy, or where such a court, having heard the cause, refuses to render judgment or enter a decree in the case, but the principles and usages of law do not warrant the use of the writ to reexamine a judgment or decree of a subordinate court in any case, *nor will the writ be issued to direct what judgment or decree such a court shall render in any pending case, nor will the writ be issued in any case if the party aggrieved may have a remedy by writ of error or appeal*, as the only office of the writ when issued to a subordinate court is to direct the performance of a ministerial act or to command the court to act in a case where the court has jurisdiction and refuses to act, but the supervisory court will never prescribe what the decision of the subordinate court shall be, nor will the supervisory court interfere in any way to control the judgment or discretion of the subordinate court in disposing of the controversy.

*Id.* 81 U.S. (14 Wall.) at 165–66 (emphasis added) The court further stated:

Superior tribunals may by mandamus command an inferior court to perform a legal duty where there is no other remedy, and the rule applies to judicial as well as to ministerial acts, but it does not apply at all to a judicial act to correct an error, as where the act has been erroneously performed. If the duty is unperformed and it be judicial in its character the mandate will be to the judge directing him to exercise his judicial discretion or judgment, without any direction as to the manner in which it shall be done, or if it be ministerial, the mandamus will direct the specific act to be performed.

*Id.* at 169. The court continued:

*Such a writ cannot perform the functions of an appeal or writ of error, as the superior court will not, in any case, direct the judge of the subordinate court what judgment or decree to enter in the case, as the writ does not vest in the superior court any power to give any such direction or to interfere in any manner with the judicial discretion and judgment of the subordinate court.*

*Id.* at 169–70 (emphasis added).

In 1901, the Texas Supreme Court adopted, in toto, the rules announced in *Ex*

*parte Newman.  Aycock v. Clark,* 94 Tex. 375, 60 S.W. 665, 666 (1901).  In conformity with those rules, the Texas Supreme Court has consistently refused to issue writs of mandamus to district judges directing entry of particular types of judgments in civil cases when the party has an adequate remedy by appeal.  *Pope v. Ferguson,* 445 S.W.2d at 953.  While there has been some slight modification of this rule by the Texas Supreme Court, *"a writ positively will not issue for the purpose of controlling or correcting rulings or judgments on motions or pleas which are mere incidents in the normal trial process and there is an adequate remedy by appeal for correction of any such rulings or judgments which may be erroneous."*  *Pope,* at 954 (emphasis added).

The supreme court, in *Pope,* cogently stated the reason that appellate courts should have limited mandamus powers:

> There is sound reason why appellate courts should not have jurisdiction to issue writs of mandamus to control or to correct incidental rulings of a trial judge when there is an adequate remedy by appeal.  Trials must be orderly; and constant interruption of the trial process by appellate courts would destroy all semblance of orderly trial proceedings.  Moreover, with this type of intervention, the fundamental concept of all American judicial systems of trial and appeal would become outmoded.  Having entered the thicket to control or correct one such trial court ruling, the appellate courts would soon be asked in direct proceedings to require by writs of mandamus that trial judges enter orders, or set aside orders, sustaining or overruling (1) pleas to the jurisdiction, (2) pleas of privilege, (3) pleas in abatement, (4) motions for summary judgment, (5) motions for instructed verdict, (6) motions for judgment non obstante veredicto, (7) motions for new trial, and a myriad of interlocutory orders and judgments; and, as to each, it might logically be argued that the petitioner for the writ was entitled, as a matter of law, to the action sought to be compelled.

The teachings of this case, alone, should be sufficient to deny the writ sought in this case.  The *Pope* decision, however, is only one of many cases in which the supreme court has spoken on this issue.

In *State ex rel. Pettit v. Thurmond,* 516 S.W.2d 119, 121 (Tex.1974) the supreme court again approved the *Pope* conclusion, stating that "[e]xcept in rare instances, we will not issue a writ to control or correct rulings or judgments on motions or pleas which are mere incidents in the normal trial process when there is an adequate remedy by appeal for correction of any erroneous ruling or judgment."  In *Thurmond,* the supreme court conditionally granted the writ of mandamus because the trial judge had, in revoking probation in a criminal case, assessed punishment contrary to the statute.  Because the state had no right of appeal, there was no adequate remedy at law except mandamus.  *Id.* at 123.

In the instant case, there can be no question but that relator has an adequate remedy at law.  Judge Downey's order, of which complaint is made, reinstated the case on the docket for trial.  Obviously, relator has the right to contest the complained-of order at trial, and, if unsuccessful, relator has the right of appeal.  Again, on this issue, the supreme court has repeatedly spoken.  In *Pat Walker & Co. v. Johnson,* 623 S.W.2d 306, 310 (Tex.1981), the supreme court, in denying a writ of mandamus, stated that "[m]andamus will not lie to give a party relief which could otherwise be obtained through a clear and adequate remedy at law."  In *Grant v. Ammerman,* 437 S.W.2d 547 (Tex.1969), the relator sought two remedies by petition for writ of mandamus.  The supreme court granted the requested relief concerning the canvassing of the election returns because relator had no adequate remedy at law.  *Id.* at 550.  As to the request that the court declare an order abolishing the justice precinct void, however, the supreme court declined, stating "[s]ince relator has an adequate remedy in the district court to challenge the order abolishing the office of Place 1, Justice Precinct 5, he should invoke that court's jurisdiction."  *Id.*  This court, in *City of Houston v. Miller,* 436

S.W.2d 368, 371 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.), stated that the writ of mandamus "will not issue if the complainant has available an adequate remedy at law...." In *Gonzales v. Stevens*, 427 S.W.2d 694, 702 (Tex.Civ.App. —Corpus Christi 1968, writ ref'd n.r.e.), the court held that "where one fails or refuses to pursue those remedies provided by law, he will not be aided by issuance of a writ of mandamus" because "a writ of mandamus must be the last resort, and it will be refused if there is another remedy which is effective and complete."

It is clear, therefore, that the majority errs in granting the writ of mandamus because it *cannot be issued* "agreeable to the principles of law regulating those writs" since relator has an adequate remedy at law.

The second reason the majority errs in granting the writ of mandamus is because a superior court does not have jurisdiction to set aside an order of the type before us unless such order is void. *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985); *Neville v. Brewster*, 163 Tex. 155, 352 S.W.2d 449, 451 (1961). In *Browning*, the supreme court stated that "*a judgment is void only when it is shown that the court had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act as a court.*" *Browning*, 698 S.W.2d at 363 (emphasis added).

The order reinstating the cause in the instant case is not void on its face. The court had jurisdiction of the parties and the subject matter; it had jurisdiction to enter the reinstatement order; and it had the capacity to act as a court. Therefore, this court has no jurisdiction to set the order aside in this collateral mandamus proceeding.

I dissent.