**The STATE of Texas, Appellant,**

v.

**Selestine Ara LOVELACE, Appellee.**

**No. B14–90–00569–CV.**

Court of Appeals of Texas, Houston (14th Dist.)

July 11, 1991.

Rehearing Overruled Aug. 8, 1991.

Don J. Clemmer, Houston, for appellant.

Frank M. Sheppard, Jr., Kyle W. King, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

OPINION

PAUL PRESSLER, Justice.

The State of Texas sought forfeiture of $435,000. In its sole point of error, the State contends that the trial court erred in granting the appellee's motion to dismiss under the Controlled Substances Act, TEX. REV.CIV.STAT.ANN. art. 4476–15 § 5.07(a) (now repealed), because the forfeiture hearing was not held within thirty days of the day an answer was filed. The trial court is affirmed because another panel of this court held that section 5.07(a) is mandatory in *Lovelace v. Downey*, 783 S.W.2d 824 (Tex.App.—Houston [14th Dist.] 1990, orig. proceeding).

On February 22, 1989, the State filed an Original Notice of Seizure and Intended Forfeiture alleging that the $435,000 in question had been derived from the illegal delivery of a controlled substance or, in the alternative, was intended for use in violation of the Controlled Substances Act, TEX. REV.CIV.STAT.ANN. art. 4476–15. On March 30, appellee Lovelace, answered. On March 14, the State requested production of documents and filed its first set of interrogatories. On April 6, the case was transferred from the 165th district court to the 295th district court. On April 18, the trial court set a trial date of May 7, 1990.

On April 24, 1989, appellee moved to dismiss. This motion was granted on May 1, by a visiting judge based upon section 5.07(a), cited above. It provided in pertinent part:

If an answer is filed, a time for hearing on forfeiture shall be set within 30 days of filing the answer and notice of the hearing shall be sent to all parties.

TEX.REV.CIV.STAT.ANN. art. 4476–15, § 5.07(a) (repealed).

The State contended that dismissal was not proper because section 5.07(a) is not mandatory and does not provide any penalty for the court's failure to act. Upon a motion for rehearing, the trial court granted a new trial and reinstated the lawsuit. This Court then granted appellee's motion for leave to file a petition for writ of mandamus. The writ was conditionally granted and the trial court was ordered to set aside the order of reinstatement and to reinstate the order of dismissal. *See Lovelace v. Downey, supra.* The trial court complied. The State now appeals.

TEX.REV.CIV.STAT.ANN. art. 4476–15, § 5.07(a) was repealed effective September 1, 1989. Procedures governing forfeiture hearings are now set out in TEX.CODE CRIM. PROC.ANN. art. 59.05 (Vernon Supp.1991). Because the proceedings below were initiated and completed prior to repeal of article 4476–15, § 5.07(a), appellant's point of error will be considered under the statute then in effect.

There is no exact test to determine whether the word "shall" should be construed as mandatory or directory. The fundamental rule is to determine the intent

of the entire statute and to give effect to that intent. *Chisholm v. Mills,* 155 Tex. 400, 287 S.W.2d 943, 945 (Tex.1956) (emphasis added). In *Chisholm,* the Texas Supreme Court considered whether a thirty day filing provision in a probate statute containing the word "shall" was mandatory or directory. 287 S.W.2d at 945. In holding that the statute in question was merely directory the Supreme Court stated:

> Provisions which are not of the essence of the thing to be done, but which are included for the purpose of promoting the proper, orderly and prompt conduct of business, are not generally regarded as mandatory. If the statute directs, authorizes or commands an act to be done within a certain time, the *absence of words* restraining the doing thereof afterwards *or* stating the *consequences of failure* to act within the time specified, may be considered as a circumstance tending to *support a directory construction.*

*Id.*

In *McKee v. State,* 318 S.W.2d 113 (Tex. App.—Amarillo 1958, writ ref'd n.r.e.), a similar statutory provision using "shall" concerning forfeiture of motor vehicles was held to be directory. In *McKee* the court stated:

> It may well be seen that situations would arise in many instances where service could not be had on record lien holders within the 30–day period from the filing of the verified answer, thus making the 30–day requirement impossible for fulfillment.

318 S.W.2d at 116. The Dallas Court of Appeals found a forfeiture provision containing the word "shall" to be directory in *State v. Cherry,* 387 S.W.2d 149, 152–53 (Tex.App.—Dallas 1965, no writ).

The purpose of the Texas Controlled Substance Act is to suppress drug traffic by the imposition of penalties, including forfeiture, upon those who violate the act. *State v. One 1977 Oldsmobile,* 696 S.W.2d 268, 271 (Tex.App.—Fort Worth 1985, no writ); *see Ross v. Texas Catastrophe Property Insurance Association,* 714 S.W.2d 411 (Tex.App.—Houston [14th Dist.] 1986, no writ); *Stotler v. Fetzer,* 630 S.W.2d 782 (Tex.App.—Houston [1st Dist.] 1982, writ dism'd). It could defeat the purpose of the act to require that a case be dismissed if the forfeiture hearing was not set within the thirty days prescribed by section 5.07(a), regardless of such factors as the trial court's docket, service of all necessary parties, or the availability of witnesses. *See McKee v. State,* 318 S.W.2d at 116–17. The absence of a penalty clause restraining the trial court from taking action after thirty days is an indication that section 5.07(a) is directory. *See Lewis v. Jacksonville Building & Loan Assoc.,* 540 S.W.2d 307 (Tex.1976); *Markowsky v. Newman,* 134 Tex. 440, 136 S.W.2d 808 (1940). The setting and holding of a hearing on the merits are procedural matters and do not constitute an essential element of the State's claim that the property is subject to forfeiture.

A mandatory interpretation of section 5.07(a) is incompatible with the intent of the statute and would serve only to benefit drug dealers to the detriment of the public. Permitting drug dealers to preserve their profits because of a technical error by the trial court thwarts the intent behind the former forfeiture statute. Section 5.07(a) should be directory. *See State v. Boren,* 654 S.W.2d 547, 548 (Tex.Civ.App.—Waco 1983, no writ).

In spite of the foregoing, this panel will affirm the trial court as it was acting under the instructions of another panel of this court and leave any other consideration to the Supreme Court. *Lovelace v. Downey,* 783 S.W.2d at 829 (Robertson, J., dissenting). Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.