**STATE of Missouri, Appellant,**

v.

**Ferman HAMPTON, Respondent.**

**No. WD 43204.**

Missouri Court of Appeals,
Western District.

Feb. 19, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 2, 1991.

Application for Transfer Sustained
May 3, 1991.

Case Retransferred Sept. 10, 1991.

Court of Appeals Opinion Readopted
Oct. 2, 1991.

Albert A. Riederer, Pros. Atty., Robert Frager, Asst. Pros. Atty., Kansas City, for appellant.

James L. McMullin, Kansas City, for respondent.

Before LOWENSTEIN, FENNER and ULRICH, JJ.

LOWENSTEIN, Judge.

This case comes to this writer on reassignment.

The state appeals the trial court's granting of respondent Ferman Hampton's Motion to Dismiss a Petition for Forfeiture under the Criminal Activity Forfeiture Act (CAFA), as contained in §§ 513.600 to 513.-645, RSMo 1986. The sole issue is whether the time limitations for state action after a seizure of property which has been used or intended for use or derived from criminal activity are mandatory. Section 513.607.-5(2) states as follows with emphasis added:

(2) Seizure may be effected by a law enforcement officer authorized to enforce the criminal laws of this state prior to the filing of the petition and without a writ of seizure if the seizure is incident to a lawful arrest, search, or inspection and the officer has probable cause to believe the property is subject to forfeiture and will be lost or destroyed if not seized. *Within three days* of the *date of seizure* such *seizure shall be reported* by said officer *to the prosecuting attorney* of the county in which the seizure is effected or the attorney general; *and* the *prosecuting attorney* or attorney general *shall, within five days after receiving notice of seizure, file a petition for forfeiture.* The petition shall state, in addition to the information required in subdivision (1) of this subsection, the date and place of seizure. The burden of proof will be on the investigative agency to prove all allegations contained in the petition.

The stipulated facts show Hampton was arrested without a warrant on March 2, 1990, on suspicion of cocaine possession. The police seized $1,133.89, a $225 money order, and several items of jewelry. Some twelve days later, on March 14, 1990, the Jackson County prosecutor was notified and filed the petition in question on March 15, 1990, to have the seized property forfeited under CAFA.

The order appealed from was based on the failure of the police to comply with the statute's language of reporting the matter within three days to the local prosecutor.

The state here contends the above-quoted language is merely directive, and the failure to abide by the time limit does not create a jurisdictional defect. It cites to the opinion language in *State v. Conz*, 756 S.W.2d 543, 546 (Mo.App.1988), which says the word "shall" in a statute, is generally, but not always, to have mandatory meaning:

In determining whether a statute is mandatory or directory, the general rule is that when a statute provides what results shall follow a failure to comply with its terms, it is mandatory and must be obeyed; however, if it merely requires certain things to be done and nowhere prescribes results that follow, such a statute is merely directory. Where, as

here, a statutory provision does not provide what results shall follow a failure to comply with its terms, it is generally held to be directory.

*Id.* (citations omitted).

What keeps the *Conz* language from controlling here is the nature of this action—a forfeiture of private property.

"It is axiomatic that forfeitures are not favorites of the law and should be enforced only when within both the letter and spirit of the law." *State ex rel. Reid v. Kemp,* 574 S.W.2d 695, 697 (Mo.App.1978).

■ Since the law abhors a forfeiture, before a petition is sustained and forfeiture enforced both the letter and the spirit of the law authorizing the forfeiture must be complied with strictly. *United States v. One 1936 Model Ford V–8, etc.,* 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249 (1939); *State ex rel. Hannaford v. Allen,* 683 S.W.2d 297, 298 (Mo.App.1984). This construction holds even with the growing popularity of forfeiture statutes relating to drug related crimes. *Commonwealth v. One 1988 Ford Coupe,* 393 Pa.Super. 320, 574 A.2d 631 (1990).

■ Despite the appellant's eloquent argument of the statutory time limits being so confining and that the court should interpret the notice provisions to allow for valid reasons for any delay, the court declines that interpretation. The Missouri CAFA legislation is unlike the Federal Code because the Missouri law gives a specific time for the police to act—three days after the seizure. *See United States v. Eight Thousand Eight Hundred & Fifty Dollars,* 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983), Where the attorney general is to "*forthwith to cause* the proper *proceedings to be commenced* and prosecuted, without delay." *Id.* at 559, 103 S.Ct. at 2009. It is therefore unnecessary to adopt any balancing test on state action as was done in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Under *Barker* the reasons for governmental delay are examined for length of and reason for the delay, the claimant's assertion of rights and prejudice to the defen-

dant. *U.S. v. Eighteen Thousand Five Hundred and Five Dollars and Ten Cents,* 739 F.2d 354, 356 (8th Cir.1984).

The following cases are persuasive to this appeal. In *State v. 1978 LTD II,* 216 Mont. 401, 701 P.2d 1365 (1985), state law called for the peace officer, "*shall within 45 days of the seizures, file a notice of the seizure. . . .*" *Id.* 701 P.2d at 1367. The court noted there is no provision for an extension of the time limit, *id.,* and reiterated forfeiture statutes are to be strictly construed and are to provide for a prompt adjudication, and, following *State v. Rosen,* 72 Wis.2d 200, 240 N.W.2d 168 (1976), held "time limitations provided by statute must be considered mandatory." *Id.*

In *Lovelace v. Downey,* 783 S.W.2d 824 (Tex.App.1990), the then applicable Texas Rule required the setting of a forfeiture hearing thirty days after the answer. *Id.* at 826. Because the trial court and the state failed to set a hearing within the thirty day period, the reviewing court held the proceeding was correctly dismissed. *Id.*

In *State v. Waters,* 173 Ga.App. 274, 326 S.E.2d 243 (1985), the Georgia court upheld a dismissal of a forfeiture where statutory language called for the district attorney to file suit within thirty days of the seizure, and suit was not timely filed. In *State v. Luke,* 183 Ga.App. 182, 358 S.E.2d 272 (1987), the *Waters* rationale was followed where suit was not filed within the required thirty days. The statutory limits were again held mandatory, and failure by the state to comply made summary judgment for the other side appropriate. *Id.* 358 S.E.2d at 273.

Since a forfeiture is involved, even though no punitive means are provided, the court rules the time limitations in CAFA mandatory. The court refuses to broaden the scope of the legislative enactment to permit a forfeiture where it is not clearly authorized. *Cabrera v. Department of Natural Resources,* 478 So.2d 454 (Fla. App.1985).

If the legislature decides to relax the requirements it has seen fit to impose in § 513.607.5(2), then it alone must do so.

Section 513.612, which allows "[a]ny party to bring a motion to dismiss at anytime and such motion shall be ruled on within ten days," need not be considered. This section merely reiterates an intent by the legislature to effectuate a speedy disposition to litigation involving contraband.

The judgment of the trial court is affirmed.

ULRICH, J., concurs.

FENNER, J., dissents in a separate opinion.

## FENNER, Judge, dissenting.

I respectfully dissent.

The rule requiring strict construction of criminal statutes is not to be applied inflexibly to override all other considerations. *State v. Daugherty*, 744 S.W.2d 849, 852 (Mo.App.1988).

While the use of the word "shall" in a statute will generally be interpreted as mandatory, such is not always the case. *State v. Conz*, 756 S.W.2d 543, 546 (Mo. App.1988). The general rule used to determine whether a statute is mandatory or directory is that when a statute provides what results shall follow a failure to comply with its terms, it is mandatory and must be obeyed; however, if it merely requires certain things to be done and nowhere prescribes results that follow, such a statute is merely directory. *Id.* (Citations omitted). Additionally, the paramount rule of statutory construction is the obligation to give effect to the lawmaker's intent. *Sermchief v. Gonzales*, 660 S.W.2d 683, 688 (Mo. banc 1983).

Both Hampton and the State cite § 195.140. This section, enacted prior to § 513.607, likewise pertains to forfeiture, but allows the State to seize property and take no action for five years. Both parties agree that § 513.607 was intended by the legislature to supplement § 195.140. According to Hampton's interpretation, the legislature intended the time periods of § 513.607.5(2) to be mandatory because the five year period provided by § 195.140 would result in unfairness, would be unconstitutional and would cause a denial of due process and property rights of the citizen. I find Hampton's analysis unpersuasive.

Hampton argues that the language of § 513.612 provides a penalty for the failure to comply with § 513.607.5(2). While it is correct that § 513.612 allows a party to file a motion to dismiss, dismissal is not directed for failure to act within the periods prescribed by § 513.607.5(2).

Section 513.612 does not entitle a party to a dismissal. This section merely gives any party the option of filing a motion to dismiss on whatever grounds might be presented. Section 513.612 does not reference § 513.607.5(2) and merely allowing for the filing of a motion to dismiss can not be construed as a penalty for failure to comply with § 513.607.5(2).

If the option to file a motion to dismiss under § 513.612 is exercised, the court should have discretion to grant or deny the motion based upon the facts and circumstances presented. If noncompliance with the statutory time limits is not based upon bad faith or inexcusable neglect and considering the length of delay, together with all other relevant factors, if there is no prejudice to the defendant, it should be within the court's discretion to deny the motion to dismiss.

When the legislature enacts a statute using terms which have had other judicial meanings attached to them, the legislature is presumed to have acted with knowledge of that judicial action. *Citizens Electric Corp. v. Director of Department of Revenue*, 766 S.W.2d 450, 452 (Mo. banc 1989). The legislature is presumed to have known that uses of the word "shall" without prescribing a result for failure to comply, was directory as opposed to mandatory.

When the court construes a statute, it does so in light of the purpose the legislature intended to accomplish and the evils it intended to cure. *In Interest of A.M.B.*, 738 S.W.2d 128, 130 (Mo.App.1987). In this regard, the legislature is presumed to have intended a workable statutory scheme to provide for the forfeiture of property used in the course of, derived from or realized through criminal activity in its effort to

deter criminals and protect law abiding citizens from criminal activities. Strict enforcement of the time limitations would not serve the obvious legislative objective.

In the Missouri case relied on most directly by the majority opinion, *State ex rel. Reid v. Kemp*, 574 S.W.2d 695 (Mo.App. 1978), the court was addressing the forfeiture of property of innocent persons whose property had been used by another in the commission of a crime. I do not find *Kemp* or the cases cited by the majority from other states to be controlling in the case at bar.

I would reverse the judgment of the trial court.