**STATE of Missouri, Respondent,**

v.

**Steven HENDRIX, and Megan Hendrix, et al., Appellants.**

No. WD 52212.

Missouri Court of Appeals, Western District.

April 29, 1997.

William E. Erdrich, St. Joseph, for appellants.

Laura B. Donaldson, St. Joseph, for respondent.

Before ULRICH, C.J., P.J., and HANNA and ELLIS, JJ.

ULRICH, Chief Judge, Presiding Judge.

Steven Hendrix and Megan Hendrix, Edmond Hendrix, Sr., Bradley Hendrix, and Aaron Hendrix (Intervenors) appeal the trial court's denial of Intervenors' motion to dis-

miss the state's petition under the Criminal Activity Forfeiture Act (CAFA), sections 513.600 to 513.645, RSMo 1986. They also appeal the trial court's refusal to require the state to include $32,200, an amount of money surrendered by Steven Hendrix to the Buchanan County Treasurer, in its petition for forfeiture. The judgment of the trial court is affirmed in part and reversed in part, and the case is remanded for further proceedings consistent with this opinion.

## FACTS

On May 18, 1992, members of the Buchanan County Drug Strike Force executed a search warrant at the home of Steven Hendrix and his daughter, Megan. Several property items including shotguns, rifles, handguns, gold and silver coins, baseball cards, stamps, and $740 were seized during the search. Eight days later, the prosecuting attorney filed a petition under CAFA seeking a forfeiture of the property seized. Mr. Hendrix filed his answer to the petition requesting that the case be dismissed and that his property be returned to him.

On June 26, 1992, Mr. Hendrix was charged by information with three counts of class B felony delivery of a controlled substance in violation of section 195.211, RSMo 1994. As part of a plea agreement with the state, Mr. Hendrix, through his attorney, presented a check in the amount of $40,108 to the Buchanan County Treasurer on October 22, 1992. In exchange for the payment, the state did not charge Mr. Hendrix with four additional counts of delivery of a controlled substance. Along with the check, Mr. Hendrix presented the state with an affidavit stating that he voluntarily surrendered the money and that the $40,108 represented profits earned from the illegal sale of drugs. Thirty-Two thousand two hundred dollars ($32,200) was deposited into the Law Enforcement Sales Tax Fund as reimbursement for expenses incurred in the Hendrix investigation. The state filed a first amended petition in the pending CAFA action to add the remaining $7,908 to the property it sought for forfeiture.

On December 4, 1992, a petition to intervene as interested parties was filed by Megan Hendrix by Edmond Hendrix, Sr., Edmond Hendrix, Sr., individually, and Bradley Hendrix. The trial court sustained the motion to intervene in part allowing Intervenors to assert their claims of ownership interest in various items of property and currency listed in the state's forfeiture petition. Intervenors, however, were not allowed to assert a claim to any part of the $40,108 paid to the state.

On September 27, 1993, Intervenors filed a motion to join the school district of Buchanan County as a party to the CAFA action and to include the $32,200 that was paid to the Law Enforcement Sales Tax Fund in the action. The motion was later amended in open court to add Myrna Hendrix, Edmond Hendrix, Jr., and Aaron Hendrix as intervenors. The trial court allowed Aaron Hendrix to join as an intervenor but denied the motion to join the school district, Myrna Hendrix, or Edmond Hendrix, Jr. It also refused to require the state to include the $32,200 in its forfeiture petition.

In December 1993, the state filed a motion for partial summary judgment requesting that the $7,908 in currency be forfeited to the state. It argued that Mr. Hendrix admitted the money was profit from the illegal sale of cocaine, and, therefore, no genuine issue of material fact existed. The trial court sustained the state's motion and ordered the $7,908 forfeited to the state to be divided among the various school districts of Buchanan County.

The Intervenors filed a motion to set aside the order of summary judgment, a motion to dismiss, and a motion for return of property. In their motions, they claimed that the state failed to file the CAFA action within the time period required under the statute. The trial court overruled the motions finding that the petition was timely filed. This appeal followed.

## I. FORFEITURE TIME LIMITATIONS IN CAFA

■ As their first point on appeal, Mr. Hendrix and Intervenors claim that the trial court erred in overruling Intervenors' motion

to dismiss for failure to timely file the CAFA petition.

■ CAFA requires that

[w]ithin **three** days of the date of seizure, such seizure shall be reported by said officer to the prosecuting attorney of the county in which the seizure is effected or the attorney general; and the prosecuting attorney or attorney general shall, within **five** days after receiving notice of the seizure, file a petition for forfeiture.

§ 513.607.5(2), RSMo 1986 (Emphasis Added). The time limits of section 513.607.5(2) are mandatory. *State v. Hampton*, 817 S.W.2d 470, 472 (Mo.App.1991).

Section 513.607.2, RSMo 1986, provides that a CAFA proceeding is governed by the Missouri rules of civil procedure, except to the extent that special rules of procedure are stated within the act. Although CAFA sets out time requirements for certain action, no specific provision for calculating those time periods exists. Consequently, Rule 44.01 of the Missouri rules of civil procedure applies.

Rule 44.01(a) provides that "[w]hen the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation." The seizure of Mr. Hendrix's property occurred on Monday, May 18, 1992. The prosecuting attorney received notice of the seizure on the next day, Tuesday, May 19, 1992. The CAFA petition was filed on Tuesday, May 26, 1992, seven days later. Because section 513.607's time requirements are less than seven days, intervening Saturdays, Sundays, and legal holidays are not included in the time computation. Saturday, May 25, 1992, Sunday, May 26, 1992, and Monday, Memorial Day, May 27, 1992, therefore, were excluded from the computation, and the petition was filed on the fourth day after receipt of notice of the seizure. Thus, the state's CAFA petition was timely filed, and the trial court did not err in overruling Intervenors' motion to dismiss. Point one is denied.

## II. INCLUSION OF $32,200 IN CAFA PETITION

■ Mr. Hendrix and Intervenors claim that the trial court erred in refusing to re-quire the state to include $32,200 in the forfeiture action or to allow Intervenors to assert any claim to the money surrendered to the state by Mr. Hendrix. They also contend that the state improperly appropriated the $32,200 to the Law Enforcement Sales Tax Fund rather than to appropriate school districts as required by *Reorganized School Dist. No. 7 v. Douthit*, 799 S.W.2d 591 (Mo. banc 1990). The state argues that the $40,108 was voluntarily relinquished by Mr. Hendrix and Intervenors and, therefore, not governed by CAFA. It also contends that Intervenors have no standing to assert any claim to the money or contest to what entity it was paid.

The state's argument is flawed for many reasons. First, Mr. Hendrix surrendered $40,108 under the guise of forfeiture. In his affidavit presented to the state with the $40,108 check, Mr. Hendrix referred to CAFA, recited CAFA language in admitting that the money was profit earned from the illegal sale of controlled substances, waived any of his rights under CAFA, and consented to the forfeiture of the money. In seeking forfeiture of $7,908 included in the CAFA petition, the state utilized and relied on Mr. Hendrix's statements in his affidavit. For the state to now assert that the money was not forfeited under CAFA but was voluntarily surrendered is contrary to the evidence and to the state's claimed factual authority to effect forfeiture.

■ Second, the state admits through its inclusion of $7,908 in the forfeiture petition that at least some of the $40,108 "voluntarily surrendered" by Mr. Hendrix and Intervenors was subject to CAFA proceedings and constraints. Its expenditure of $32,200 in the Hendrix investigation does not justify the state's designation of "forfeited" money and "surrendered" money for the Law Enforcement Sales Tax Fund.

■ Finally, and most importantly, the state points to no constitutional provision or statute for its authority to appropriate or retain the $32,200. It simply contends that it and Mr. Hendrix made an irrevocable deal—

payment of $32,200 in exchange for dropping additional criminal charges. Buchanan County has not been granted any authority to appropriate property for its own use in exchange for prosecutorial novations.[1] Instead, CAFA, which was enacted in 1986, established that "[a]ll property of every kind used or intended for use in the course of, derived from, or realized through criminal activity is subject to civil forfeiture" to the state. § 513.607.1, RSMo 1986. "There may be no judgment of forfeiture without due process of law." *Reorganized School Dist. No. 7 v. Douthit,* 799 S.W.2d 591, 594 (Mo. banc.1990). CAFA also provides that the interest of an innocent party in the property shall not be subject to forfeiture and that any innocent party shall have the right or claim to forfeited property superior to any right or claim the state or county may have in the same property. § 513.615, RSMo 1986. The Missouri Constitution requires that the proceeds of money or property seized under CAFA be allocated to schools rather than to law enforcement agencies. *Id.* Counties are prohibited from circumventing through the plea bargain process the legislative scheme that provides not only due process to the defendant and innocent third party property owners but also allocation of forfeited funds to local schools. While the Buchanan County prosecutor was authorized to enter into a plea bargain with Mr. Hendrix, the prosecutor was not authorized to grant prosecutorial favor to the criminal defendant in return for money directed to its law enforcement fund. The trial court erred, therefore, in failing to require the state to include the remaining $32,200 in the CAFA action and in failing to allow Intervenors to assert a claim to the money surrendered to the state by Mr. Hendrix.

The judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

All concur.

---

1. In 1994, the Missouri legislature rectified, at least in part, the practice of payment of absolution of crime in section 513.617.3, RSMo 1994:

    However, seized property shall not be used in bargaining to defer prosecution of criminal charges, obtain a guilty plea or affect sentencing recommendations, and the court in which the CAFA proceeding is pending shall not approve any settlement without first making such a finding. No state or local government agency, nor any person, may accept any monetary payment or other thing of value in exchange for the release of property seized for forfeiture or for the settlement of any criminal charges.